Lewis F. Baldwin, Administrator of Etta B. Baldwin, deceased, *vs.* Peoples Railway Company, a corporation of the State of Delaware.

Lewis F. Baldwin *vs.* Peoples Railway Company, a corporation of the State of Delaware.

*Personal Injuries—Death—Infant—Next Friend—Death of Infant—Removal of Next Friend—Substitution of Administrator—Evidence—Common Carriers—Street Railway—Care Required—Negligence—Cause of Injury—Disease—Connection with Injury Complained of— Damages.*

1. The procedure in the appointment of next friend to prosecute an action brought by an infant, the suggestion of the death of the infant, the removal of the next friend, and the substitution of the administrator of the infant as plaintiff in the action.

2. In an action to recover for personal injuries an exclamation made by the motorman at the time of the accident is admissible as a part of the *res gestae.*

3. In an action brought by a father to recover for the loss of his daughter's services, and expenses incurred in attempting to cure her, no recovery can be had for her funeral expenses.

4. The father is entitled to the services of his minor child, and if such services were lost or impaired by the negligence of the defendant, the father is entitled to be reasonably compensated for such loss or impairment.

5. The plaintiff cannot recover for the effects of tuberculosis, or any other disease, contracted after the accident, unless it is satisfactorily shown that such disease was the natural and probable consequence of the defendant's negligence.

Nor can there be any recovery for the effects of any disease contracted before the accident, unless it clearly appears from the evidence that such disease was aggravated, or increased, by the negligent act of the defendant, and even then recovery could be had only to the extent that such effects were so aggravated or increased.

6. The question always is, was there an unbroken connection between the wrongful act and the injury,—a continuous operation? Did the facts constitute a continuous succession of events so linked together as to make a natural whole, or was there some new and independent cause inter-

vening between the wrong and the injury? Unless the evidence of the plaintiff is sufficient to show the connection between the immediate cause of the death and the injury received, the plaintiff cannot recover for the effects or consequences of the disease that caused the death.

7. In no event can damages be allowed except such as resulted directly from the negligent act of the defendant. Damages produced by other agencies than those causing the injury cannot be awarded as proper compensation.

8. The care, skill and diligence required on the part of common carriers of passengers for hire, stated.

9. Measure of damages.

(*April* 9-11, 1908.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Walter H. Hayes* and *George N. Davis* for plaintiffs.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, March Term, 1908.

SUMMONS CASES (No. 24, May Term, 1907, and No. 30, September Term, 1907, respectively).

Verdicts and Judgments for plaintiffs. Writs of Error sued out of Supreme Court by defendant.

Etta B. Baldwin, through her counsel, filed the following petition for admission of next friend, viz:

"In The Superior Court of The State of Delaware in and for New Castle County.

| Etta B. Baldwin | No. 24, May Term, A. D. 1907. |
|---|---|
| *vs.* | Case. |
| Peoples Railway Company. | |

"To the Honorable, the Judges of the Superior Court of the State of Delaware, in and for New Castle County, sitting at the February Term, A. D. 1907.

"The petition of Etta B. Baldwin, the plaintiff in this cause, showeth that your petitioner has, as she is advised, good cause of action against the above named Peoples Railway Company, to recover damages for personal injuries to her caused by the negligence of said defendant, and your petitioner has lately commenced an action in this Honorable Court against the said Peoples Railway Company for the same; but in regard that your petitioner is an infant under the age of twenty-one years, to wit, of the age of eighteen years, your petitioner therefore humbly prays your Honors to admit her to prosecute the said action by Lewis H. Baldwin of the City of Camden and State of New Jersey, your petitioner's next friend.

"And your petitioner will ever pray, etc.,

"Etta B. Baldwin."

"I do hereby consent and agree that the above named Etta B. Baldwin shall be at liberty to prosecute this action by me, as her next friend, according to the prayer of the above petitioner.

"Witness my hand this thirteenth day of March, A. D. 1907.

Lewis H. Baldwin."

"Witness, George W. Cox," (who deposed that he witnessed the signing of the above petition and consent by the parties named therein.)

The above named action was then pleaded to issue. On February first, 1907, counsel for said plaintiffs filed the following suggestion of the death of Etta B. Baldwin and motion to remove the next friend, viz.:

"In The Superior Court of The State of Delaware in and for New Castle County.

| "Etta B. Baldwin, an infant, by her next friend, Lewis H. Baldwin, *vs.* Peoples Railway Company. | No. 24, May Term, A. D. 1907. Case. |
|---|---|

"And Now To Wit, this first day of February, A. D. 1908, Walter H. Hayes, Esq., Attorney of Record in said cause, and Attorney for Lewis H. Baldwin, administrator of the said Etta B. Baldwin, suggests to the Court here that the said Etta B.

Baldwin died on or about the twelfth day of January, A. D. 1908; and the said Walter H. Hayes, attorney as aforesaid, moves the Court here, to remove from said cause as a next friend of the said Etta B. Baldwin, Lewis H. Baldwin, who has been duly admitted in said cause by the Court here, to prosecute said action as such next friend and to substitute as plaintiff in said action to prosecute the said action to final judgment and satisfaction, Lewis H. Baldwin, administrator of the goods and chattels, rights and credits which were of the said Etta B. Baldwin in her life time.

"And the said Attorney further moves the Court here that the above suggestion and motion be entered upon the records of this Court in said cause.

"WALTER H. HAYES,
*Attorney of record* in said cause and for said Lewis H. Baldwin, administrator of Etta B. Baldwin, deceased."

The Court made the following order, to which counsel for defendant excepted, viz:

"AND NOW TO WIT, this first day of February, A. D. 1908, the within suggestion having been made and the said motion having been made to the Court here and the same having been maturely considered by the Court, it is ordered and directed by the Court here that the said Lewis H. Baldwin, who has been duly admitted in the said cause by the Court here, to prosecute said action as the next friend of the said Etta B. Baldwin, be removed from said cause as such next friend, and that Lewis H. Baldwin, administrator of the goods and chattels, rights and credits which were of the said Etta B. Baldwin in her life time, be substituted as plaintiff in said action to prosecute said action to final judgment and satisfaction; and it is further so ordered and directed that the said suggestion and motion be entered on the records of this Court in said cause.

"CHAS. B. LORE,
*Chief Justice.*"

The original declaration in No. 24 contained three counts. The first count alleged as follows:

"The plaintiff avers that she became a passenger on one of the said cars of the said defendant, operated as aforesaid, to wit, at the county aforesaid, whereupon it then and there became the duty of the said defendant to transport and carry said plaintiff safely and securely on said car; but the said defendant not regarding its duty in that behalf, so negligently and carelessly omitted and neglected to use proper care and caution in running its said car, operated as aforesaid, wherein the said plaintiff was then and there a passenger, that the said car was allowed or permitted to take or round a curve on the line of the said defendant at an excessively rapid and dangerous rate of speed, whereby the plaintiff was hurled or thrown from her seat upon said car to and upon the ground with great force and violence, to wit, at the county aforesaid, by means whereof the said plaintiff was injured in and upon her head, arms, back, spine, body and internally, whereby she became sick, sore and disordered and suffered and endured great and severe pain for a long space of time, to wit, hitherto, at the county aforesaid, and was then and there permanently injured, wherefore," etc.

The second count averred that "the said defendant not regarding its duty in that behalf, so negligently, carelessly and recklessly ran one of its cars, operated as aforesaid, wherein the said plaintiff was then and there a passenger, at a high and dangerous rate of speed, to and upon a sharp and dangerous curve on the road of the said defendant, whereby the said car was so jarred and jerked that the plaintiff was hurled, thrown and cast from her seat upon said car to and upon the ground with great force and violence to wit, at the county aforesaid, by means whereof the said plaintiff was injured," etc.

The third count averred that "said defendant, not regarding its duty in that behalf, negligently and carelessly permitted and suffered one of its said cars whereon the said plaintiff was then and there a passenger, to be operated and controlled by an inexperienced and incompetent motorman, in that the said motor-

man wholly failed and neglected to keep a proper lookout, whereby the said car, running at a high and dangerous rate of speed, came to and upon a sharp and dangerous curve on the road of the said defendant and was so jarred and jerked that the said plaintiff, who was then and there in the exercise of due care and caution was hurled, thrown or cast from her seat upon said car, to and upon the ground," etc.

After the administrator was made a party in said case three additional counts of similar import were filed, varying only in the use of the name of Lewis H. Baldwin, Administrator of Etta B. Baldwin, deceased, as plaintiff, instead of Etta B. Baldwin.

A similar declaration of three counts was filed in No. 30. To each of said declarations the defendant pleaded: (1) Not Guilty; (2) Release; (3) Act of Limitation.

At the trials it was agreed between the respective counsel (1) that as the facts in the above stated cases were identical, the said cases should be tried together by the same jury, and that the jury should render separate verdicts upon said facts; (2) that the defendant company was operating by electric power the car on which Etta B. Baldwin was riding at the time she received her alleged injuries, and that said defendant company was lawfully operating said car at the time and place of the alleged accident.

The exemplified copy of the letters of administration granted by the Probate Court of Camden, New Jersey, to Lewis F. Baldwin, as administrator of the estate of Etta B. Baldwin, deceased, were offered in evidence by the plaintiffs and admitted without objection.

*Mabel Buckmaster*, one of plaintiff's witnesses was asked:

"Q. What was the first you knew of the accident? A. I heard the motorman exclaim something, and then I was thrown out of the car."

"Q. Do you know what he said? A. He said, 'My God'—and then I don't know the rest."

"Q. You heard him say, 'My God,' and you don't know hat he said after that? A. No, sir."

(Objected to by Mr. Richards, counsel for defendant, and motion made to strike out the last two answers.)

*Mr. Davis:*—This is admissible as part of the *res gestae;* it happened right at the time of the accident.

*Mr. Richards:*—Everything that is a part of the *res gestae* is not necessarily admissible. The exclamation does not show anything, either excuse or otherwise; nothing binding the defendant or showing the cause of the accident, the reason for it or anything else.

PENNEWILL, J.:—We think this is part of the *res gestae,* and, for what it is worth, we think it is admissible. The objection is overruled, and we refuse to strike out the answer.

"Q.   What happened to you?   A.   I was suddenly thrown from the car."

(Objected to by Mr. Richards, counsel for defendant, who moves that the answer be stricken out.)

*Mr. Hayes:*—We will follow this up and show that this is one act, that Miss Etta B. Baldwin and this young lady were thrown off at the same time.

PENNEWILL, J.:—We think it is admissible, and refuse to strike out the answer.

The plaintiff, Lewis F. Baldwin, was asked by his counsel to state what expenses he had been put to by reason of his said daughter's injuries, and after stating the amount of the Doctor's bills, and bills for medicines, continued, "Well, the funeral expenses were two hundred and eighteen dollars and twenty-five cents."

*Mr. Richards:*—I object to the item of funeral expenses upon the ground that they are not recoverable in this case. The father can only recover in this action for the loss of his daughter's services during her minority, and for such expenses as he has been put to by reason of her illness. He cannot recover for her death or any expenses incident thereto. This is an action to recover for loss of services and expenses incurred at the time of death; furthermore, it is not alleged in the narr.

PENNEWILL, J.:—It is not covered by your narr, Mr Hayes. We sustain the objection.

## PLAINTIFFS' PRAYERS.

The plaintiffs, by their counsel, *Walter H. Hayes* and *George N. Davis*, pray the Court to instruct the jury as follows:

1. That the Court charge the jury, as in the case of *Betts vs. The Wilmington City Railway Company* (3 *Pennewill*, 450), as follows:

"We find the duty of such common carrier to its passengers nowhere better expressed than in one of the decisions of our own State—viz., *Flinn vs. P., W. & B. R. R. Co.*, 1 *Houst.*, 469— which is the leading case in this State on the subject.

"The Court there says: 'A common carrier of passengers is liable for injuries to the latter only in case of his negligence. But the law in its beneficence will not allow any trifling with the lives or personal safety of human beings, and therefore exacts great care, diligence and skill from those to whose charge as common carriers they are committed; common carriers of passengers are responsible for any negligence resulting in injury to them, and are required in the preparation, conduct and management of their means of conveyance, to exercise every degree of care, diligence and skill which a reasonable man would use under such circumstances. This obligation is imposed on them as a public duty, and by their contract to carry safely, as far as human care and foresight will reasonably admit. A railroad company, using as it does the powerful and dangerous agency of steam, is bound to provide skillful and careful servants, competent in every respect for the posts they are appointed to fill in their service.' "

The motive power in that case was steam, but the rule and the reason of the case apply equally to the cases at bar where the motive power was · electricity.

2. The rule is that where a disease caused by an injury received through defendant's negligence supervenes, as well as where the disease exists at the time of the injury, and is aggravated by it, the plaintiff is entitled to full compensatory damages.

3. Where one is injured by the fault or omission of another, and in consequence thereof becomes diseased or in delicate

health, the disease is considered the proximate, although not the natural, consequence of the injury, and the party may be allowed to recover compensation therefor.

4. That the Court charge the jury, as in the case of *Lynch's Executrices vs. Wilmington City Railway Company* (see p. 192), that if their verdict should be for the plaintiff, Etta B. Baldwin's administrator, it should be for such sum of money as would have reasonably compensated Etta B. Baldwin, if living, for her pain and suffering by reason of the injuries complained of, from the time she received such injuries to the time of her death.

5. That in the case of the father, Lewis F. Baldwin, he would be entitled to recover such sum of money as would reasonably compensate him for money expended for medicines, for physicians' bills and for the loss of wages of Etta B. Baldwin, growing out of and resulting from the accident.

6. That the plaintiff, Lewis F. Baldwin, can recover, if the jury should find for him, for loss of wages of Etta B. Baldwin up until the time she would have arrived at the age of twenty-one years, had she lived, or during her minority.

### DEFENDANT'S PRAYERS.

The defendant, by its counsel, *Robert H. Richards*, prays the Court to instruct the jury as follows:

1. This case is based upon the alleged negligence of the defendant. Negligence can never be presumed in such cases as this, but must always be proved. The burden of proving negligence, as attributable to the defendant, rests upon the plaintiff.

*Queen Anne's R. R. vs. Reed,* 5 *Pennewill,* 231.

2. There can be no recovery in this case unless it be proved to the satisfaction of the jury that the plaintiff's intestate was injured in the manner alleged in the narr by reason of such an accident as is described in the narr, and was occasioned by defendant's negligence.

3. If the plaintiff's intestate was not injured by the accident referred to in the narr, he cannot recover.

4.   Even if the accident described in the narr was caused by defendant's negligence, the said plaintiff cannot recover for any injuries alleged to have been sustained by Etta Baldwin, the plaintiff's intestate, unless such injury or injuries are shown to the satisfaction of the jury to have been the natural and probable consequence of the said negligence, and were such injuries as ought to have been foreseen by the defendant in the light of the attending circumstances.

5.   In order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence and that it ought to have been foreseen in the light of the attending circumstances.

*Schaffer vs. Railroad Company*, 105   *U. S.* 249.

6.   The plaintiff cannot recover for any injuries proved to have been sustained by Etta Baldwin except such as are shown to have been the natural and probable consequences of the defendant's negligence and as ought to have been foreseen by the defendant in the light of the attending circumstances.

7.   The plaintiff cannot recover in this cause for the effects of any disease or diseases contracted after the accident, unless such disease or diseases is or are clearly shown to have been the natural and probable consequences of the defendant's negligence, and was or were such as ought to have been foreseen by the defendant in the light of the attending circumstances.

8.   For the effects of any disease or diseases, contracted after the accident by reason of a new and independent cause intervening between the accident (or the original injury caused thereby, if any), and the condition resulting from the disease, the defendant is not liable.

9.   If the tuberculosis from which Etta Baldwin suffered for a long time prior to her death was caused by her vitality having been so reduced, by an injury resulting from defendant's negligence, as to make her unable to throw off the germs of tuberculosis which attacked her through the lungs, the defendant would not be liable for any pain, suffering, loss of earning power or loss

of services due to the tuberculosis, because the reception into the lungs of the germs of tuberculosis would be a new and independent cause, intervening between the original injury and the result, for which the defendant would not be liable.

10.   If the jury should find for the plaintiff in No. 24 May Term, 1907, they can allow damages only for the pain and suffering caused to plaintiff's intestate in her life time by injuries which were the natural and probable consequences of the defendant's negligence only.

11.   If the jury should find for the plaintiff in No. 24 May Term, 1907, they cannot allow damages for the pain and suffering caused to the plaintiff's intestate by any injuries or diseases which were not the natural and probable consequence of the defendant's negligence, or which were the result of any cause intervening between defendant's negligence and such injuries or diseases.

12.   If the jury should find for the plaintiff in No. 30 September Term, 1907, they can allow as damages only the pecuniary value to the plaintiff of the services of Etta Baldwin during that portion of her minority when she was rendered unable to work by reason of such injuries as were the natural and probable consequence of the defendant's negligence, together with such expenses as were proved to have been incurred by the plaintiff for nursing, medicines and medical attendance in connection with such last-mentioned injuries only.

13.   In no event can damages be allowed except such as result directly from the negligent act of the defendant. Damages produced by other agencies than those causing the injury, or even by agencies remotely connected with those causing the injury, cannot be awarded as proximate or proper compensation, but only where the injury flows from the negligent act as its natural concomitant, or as the direct result thereof. Where speculation or conjecture has to be resorted to for the purpose of determining whether the injury results from the negligent act or from some other cause, then the rule of law excludes the allowance of damages for such injury.

6 *Thompson on Negligence, Sec.* 7193.

14.  If the jury should believe from the evidence that Etta Baldwin had contracted the disease of pulmonary tuberculosis before the accident they cannot allow damages for any pain and suffering caused to Etta Baldwin after the accident by this disease, nor for any loss of service caused thereby, nor for any expenses incurred in attempting to cure such disease.

15.  If the jury should believe from the evidence that Etta Baldwin at the time of the accident had already, contracted the disease of pulmonary tuberculosis, they cannot allow damages for any pain and suffering caused to her after the accident by this disease, nor for any loss of services caused thereby, nor for any expenses incurred in attempting to cure such disease.

16.  If Etta Baldwin, by her own negligence in disregarding her physician's instruction with respect to returning to work, caused any pain and suffering to herself, no damages can be allowed for such pain and suffering so caused, nor can any damages be allowed which result from such disregard of her physician's instructions.

17.  That the jury be instructed, in case they should find for the plaintiff in No. 30, that damages for the loss of services of Etta B. Baldwin cannot be allowed beyond the date of the death of Etta B. Baldwin.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—You are trying in this proceeding, by agreement of counsel, two cases growing out of the same accident.   One of the actions was brought by Etta B. Baldwin, the deceased, in her lifetime to recover damages for her pain and suffering from injuries alleged to have been caused by the defendant company in so negligently running one of its trolley cars from Brandywine Springs to this city, that in taking a sharp curve, at Cleveland and Lancaster avenues, the deceased was thrown from the car and so injured that she suffered great pain and finally died from tuberculosis or consumption as the result of her injuries.

The specific negligence relied upon is the excessive and

dangerous rate of speed at which the car was running at the time of the accident, and also the inexperience and incompetence of the motorman who was running the car.

After the death of Etta B. Baldwin her administrator, Lewis F. Baldwin, was made party plaintiff in her stead, and is now prosecuting that case. He is not, however, seeking to recover damages for the death of Etta B. Baldwin, but only damages for her pain and suffering resulting from the injuries she sustained on account of the said accident and negligence of the defendant.

· The other case which you are trying was brought by Lewis F. Baldwin, the father of Etta B. Baldwin, to recover damages alleged to have been sustained by him on account of the loss of his daughter's services, and expenses incurred by him in the effort to cure her, occasioned by the injuries she received in the said accident, and which he alleges were caused by the negligence of the defendant. Neither is it sought in this case to recover damages for the death of Etta B. Baldwin, but only such damages as the father suffered on account of the loss of his daughter's services, and expenses incurred in attempting to cure her.

The father is entitled to the services of a minor child, and if such services were lost or impaired by the negligence of the defendant, the father is entitled to be reasonably compensated for such loss or impairment. But even if the defendant is liable, by reason of its negligence, for such loss of services, a recovery can be had only for such a sum as the evidence shows the father actually sustained on account of the injuries complained of caused by the defendant's negligence, and not for any loss of services caused by affliction, sickness, disease or anything else that did not result from the accident and defendant's negligence. In estimating the value of the daughter's services to the father you may consider her earnings and ability to labor.

It is admitted that the defendant company was at the time and place of the accident lawfully operating by electricity, the car that caused the accident; that it was a common carrier at the time, engaged in the business of transportation of passengers for hire, and also that Etta B. Baldwin was a passenger on the defendant's car.

A common carrier of passengers is liable for injuries to the latter in case of the carrier's negligence. The law exacts great care, diligence and skill from those to whose charge as common carriers passengers are committed. They are responsible for any negligence resulting in injury to passengers, and are required in the preparation, conduct and management of their cars or means of conveyance to exercise every degree of care that a reasonable man would use under like circumstances. But while the common carrier is held to strict care in the safe transportation of its passengers, it must nevertheless be borne in mind that it is not an insurer of their safety, but responsible only for its own negligence.

These actions are based upon negligence which has often been defined by this Court to be the want of ordinary care, that is, the want of such care as a reasonably prudent and careful man would use under similar circumstances. It is for you to determine from the evidence whether there was any negligence that caused the accident, and if there was, whether it was the negligence of the defendant.

To entitle the plaintiffs to recover at all it must have been shown to your satisfaction by a preponderance of the evidence, that the negligence which caused the accident and injuries, if any there were, was the fault of the defendant company. The burden of proving such negligence rests upon the plaintiff, and the defendant can be held liable only for such negligence as constituted the proximate cause of the injuries complained of.

The term ordinary care, when applied to the management of railway cars in motion, imports all the care which the peculiar circumstances of the place or occasion reasonably require, and this will be increased or diminished according as liability of danger and accident, and injury to others, is increased or diminished in the movement and management of such cars.

It is the duty of a railway company to keep its cars under proper control, to slow up where danger is imminent, and where by so doing accident could be avoided. It is also its duty to have, in the management of its cars, careful and competent servants.

In order for the plaintiff in either of the cases before you to

recover at all, it must have been proved to your satisfaction (1) that Etta B. Baldwin was injured; (2) that she was injured in the manner alleged in plaintiff's declaration, that is, by being thrown from the car, and not otherwise; (3) that defendant's negligence was the proximate cause of the injuries complained of.

The plaintiffs cannot recover in either case for the effect of tuberculosis or any other disease contracted after the accident, unless it is satisfactorily shown to the jury that such disease was the natural and probable consequence of the defendant's negligence.

Brown vs. Craven, 175 Ill. 413.

Nor can there be any recovery for the effects of any disease contracted before the accident unless the jury are clearly satisfied from the evidence that such disease was aggravated or increased by the negligent act of the defendant, and even then recovery could be had only to the extent that such effects were so aggravated or increased.

R. R. Co. vs. Heecht, 115 Ind., 443; and numerous cases there cited.

We say to you, therefore, that no recovery can be had for the effects of any disease contracted or suffered by Etta B. Baldwin which was not the natural and probable consequence of the defendant's negligence.

The question always is, was there an unbroken connection between the wrongful act and the injury—a continuous operation; did the facts constitute a continuous succession of events so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? Unless the evidence of the plaintiff is sufficient to show the connection between the immediate cause of the death and the injury received the plaintiff cannot recover for the effects or consequences of the disease that caused the death.

Weber vs. Third Ave. R. R. Co., 12 N. Y. App. Div., Sup.Ct., 514.

In no event can damages be allowed except such as resulted directly from the negligent act of the defendant. Damages pro-

duced by other agencies than those causing the injury cannot be awarded as proper compensation.

6 *Thomp. on Neg., Sec.* 7193.

It is now for you, gentlemen, to carefully consider all the evidence in each of the cases before you and reach such verdict as your judgment and consciences will approve.

If you should find in favor of the plaintiff in the case brought by Etta B. Baldwin for pain and suffering, your verdict should be for such a sum as would be a reasonable compensation for her pain and suffering from the injuries complained of caused by the defendant's negligence.

If you should find in favor of the plaintiff in the case brought by Lewis F. Baldwin, the father of Etta B.Baldwin, for the loss of services and expenses incurred, your verdict should be for such a sum as you believe from the evidence would have been the pecuniary value to the plaintiff of the services of his daughter during her minority when rendered unable to work by reason of injuries caused by defendant's negligence, together with such expenses as were proved to have been incurred by the plaintiff for medicines and medical attendance in connection with such injuries.

If you are not satisfied that the defendant company was guilty of any negligence that caused the injuries complained of your verdict in each case should be for the defendant.

Verdict for the plaintiff, in the case of Etta B. Baldwin's Administrator, for $900.

Verdict for the plaintiff, in the case of Lewis F. Baldwin, for $600.