## MIDCO OIL CORPORATION et al. v. HULL.

No. 27844.  Feb. 1, 1938.

Samuel A. Boorstin, M. S. Williams, and Hamilton & Howard, for plaintiff in error Midco Oil Corporation.

W. J. Campbell and A. B. Campbell, for plaintiff in error Sterling Oil & Gas Company.

J. H. Clevinger and Hugh C. Jones, for defendant in error.

DAVISON, J.  This is an action for the recovery of damages for injuries to some and death to others of the plaintiff's herd of livestock, together with the loss of the use of the pasture in which they grazed.

In plaintiff's petition, the injuries inflicted upon said stock are alleged to have been the result of the alleged pollution of Big Hominy creek in Osage county by the escape of salt water from the oil leases of the defendants.

The only fact established at the trial to prove the plaintiff's allegation that the stream was polluted was that it was salty, and the only proof that the defendants were responsible therefor was evidence that some water which tasted salty escaped from their leases into the stream on May 10, 1935. To prove that the injuries to his livestock were caused by the defendants' alleged pollution of the stream, it was shown that plaintiff's stock had access to the stream previous to the alleged injuries and had been seen drinking from it sometime during the month of March.  For this purpose, also, the plaintiff introduced the testimony of a veterinarian, who treated one of his cows on April 20, 1935.  The veterinarian testified that this cow "was all drawed up and had been scouring", and that salt water and its contents was what was wrong with the animal.  It was established that all of the stock alleged to have been injured presented the same appearance as that expressed in quoted words of the veterinarian's testimony.  The only testimony as to the duration of the stock's alleged injuries was the plaintiff's statement that they "just drug along for oh, somewhere along four or five or six weeks." According to the testimony, two of the plaintiff's horses and four of his cows died and four other cows lost their calves.  The plaintiff stated that, in addition to these, ten other cows and 14 yearlings had been ill, but had partially recovered.  The plaintiff first testified that four of the deaths occurred prior to May 10, 1935, and the other two occurred a few days subsequent to that date, but later in his examination he stated that all six of the deaths occurred prior to that time.

The defendants introduced expert testimony to the effect that salt water poisoning in stock could not be diagnosed merely by their appearance; that a post mortem examination was necessary; and that other ailments such as malnutrition and cornstalk disease produced the same general appearance in stock that salt water poisoning produced.  The testimony on behalf of the defendants also tended to show that there had been some cornstalk disease as well as malnutrition among stock in Osage county, and that if stock had access to fresh water, they would not drink salt water nor succumb to salt water poisoning.

At the close of the trial, the jury rendered a verdict in favor of the plaintiff, and the court entered its judgment accordingly. After the defendants' separate motions for a new trial were overruled, they perfected this appeal and have filed separate petitions in error and briefs herein.

Each of the petitions contains various assignments of error, but most of the argument in the briefs of the defendants is directed toward the general proposition that the verdict is not supported by the evidence.

If it were granted that the evidence in the present case was sufficient to establish

the fact that there was poisonous or deleterious substances in the water of Hominy creek, harmful to animal life, at the time that the injuries involved arose, and it was admitted that the cow treated on April 20, 1935, was suffering from the effects of drinking said water, and it was inferred from the fact that the stock in question had the same appearance or objective symptoms which that animal had, that they too suffered and died from the same cause, still, is there sufficient evidence in the record to connect the defendants with said injuries? This is a question for us to decide, for it is a well-established rule that whether there is any evidence tending to show causal connection between the acts of the defendants and the injury complained of is a question of law for the court. Chickasha Milling Co. v. Plowman, 94 Okla. 170, 221 P. 476; Hefner v. Quapaw Gas Co., 92 Okla. 9, 217 P. 438; Prest-O-Lite Co., Inc., v. Howery, 169 Okla. 408, 37 P. (2d) 303.

The only evidence in the record as to when the injuries were incurred or the ailment contracted is the plaintiff's own statement that his stocks' illness was of "four or five or six weeks" duration. If this illness was the cause of the deaths and injuries for which the plaintiff seeks recovery, could it be concluded upon any basis of evidentiary fact that the defendants were responsible for said illness? There is no evidence in the record that any water of any description escaped from the leases of the defendants into the stream before May 10, 1935, but it is undisputed that the illness which culminated in the permanent injuries and deaths in April and May, 1935, was of four, five, or six weeks' duration. Can it be inferred from the fact that the defendants allowed some salty-tasting water to escape from their leases on May 10, 1935, that they did the same thing before that time, so that their wrong could be said to be the cause of the injuries to plaintiff's cattle? We believe not, for it is fundamental that an event or condition which occurs subsequent to the time that a disease is contracted cannot be the proximate cause of said injury or disease, though it may be the cause of the aggravation of same. In Baldwin v. People's Ry. Co. (Del.) 76 Atl. 1088, the court held:

"No recovery can be had for the effects of any disease contracted before an accident resulting from defendant's negligence, unless the disease was aggravated or increased by defendant's negligent act, when a recovery may be had only to the extent of the aggravation."

Evidence that salt water escaped from the defendant's lease on May 10th did not constitute proof that same was the cause of the ailment which the plaintiff's cattle contracted several weeks before, in fact, such evidence was not competent for that purpose in the absence of a showing that salt water was also escaping on or before the date that the stocks' illness began. As a general rule, evidence of a condition existing after an injury is inadmissible to prove that such condition was the cause of the injury, unless it is shown that there has been no change in the condition since the injury. 10 R. C. L. 943; St. Louis & San Francisco Ry. Co. v. Hart, 45 Okla. 659, 146 P. 436, and the cases therein cited.

It is elementary that a plaintiff cannot recover against a defendant in a case of this nature, unless the wrongful act of the defendant is proved to have been the proximate cause of the injury complained of. In view of what we have pointed out with reference to the total absence of proof of a causal connection between the illness from which the plaintiff's stock were injured and died, and the alleged wrongful acts of the defendants, it is our opinion that any conclusion that the latter was the proximate cause of the former must be based purely upon speculation and conjecture. In Pine v. Bowles, 179 Okla. 604, 66 P. (2d) 1077, we said:

"Neither conjecture nor speculation forms a reasonable basis for arriving at a verdict in a case where recovery is sought upon the alleged negligence of the defendant, but there must be evidence reasonably tending to show that defendant was guilty of some one of the negligent acts charged, and that such negligence was the proximate cause of the injury."

For the reasons given, the verdict in this cause is set aside and the judgment of the trial court based thereon is hereby reversed.

BAYLESS, V. J. C., and WELCH, CORN, GIBSON, and HURST, JJ., concur. OSBORN, C. J., and RILEY and PHELPS, JJ., absent.