## ANDERSON-PRICHARD PIPE LINE CORPORATION v. SAXTON.

### No. 3885.

United States Court of Appeals
Tenth Circuit.

Nov. 7, 1949.

Rehearing Denied Nov. 26, 1949.

J. H. Jarman, Oklahoma City, Okl. (Ed White, Oklahoma City, Okl., was with him on the brief), for appellant.

O. B. Martin, Oklahoma City, Okl. (Andrew Fraley, Oklahoma City, Okl., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Appellee, H. M. Saxton, brought this action against the Anderson-Prichard Pipe Line Corporation, herein called the Pipe Line Company, to recover damages for the death and injury to livestock and poultry. The action was tried to the Court, judgment was entered for plaintiff, and the Pipe Line Company has appealed.

The only question in the case is whether there is substantial evidence to support the findings and judgment of the court.

Saxton operated a 160 acre farm in Oklahoma County, Oklahoma, on which he maintained livestock and poultry. The Pipe Line Company owned a battery of tanks, from which led two pipe lines which crossed this land. One was a four-inch water line, and the other was a six-inch oil line. The four-inch line was buried approximately eighteen inches, and the oil line approximately twenty-four inches below the surface. The four-inch line was used to drain surface water which accumulated from rains in the pits around the tanks. It was not supposed to carry oil. The six-inch line was used to transport oil from the oil fields to the tanks. The two lines ran parallel to each other and only a few inches apart.

There was a slough located on the farm which accumulated surface waters during rainy periods. At one point the two pipe lines ran within approximately twenty feet of the slough. It is conceded that during rainy periods when there was water in the slough, an oily scum formed on the surface

of the water and that the livestock and poultry drank therefrom. These conditions prevailed through parts of 1945, during 1946, and continued into mid-summer of 1947. It is also established that the cattle had access to the North Canadian River and to Crooked Oak Creek, which ran nearby, which were both contaminated with oil. There is no evidence in the record that any one saw the cattle drinking oil contaminated water from the North Canadian River or from Crooked Oak Creek. The livestock and poultry were seen drinking oil polluted water from the slough. There is also sufficient evidence to sustain the finding that the damage to the cattle and the poultry resulted from drinking oil polluted water. The only question in the case is whether there is sufficient evidence to sustain a finding that there was a causal connection between oil coming from the Pipe Line Company's premises and the oil on the water in the slough to sustain the finding of liability.

Saxton testified, in substance, that his livestock and poultry continued to suffer from 1945, until July, 1947. Saxton undertook to find the source of pollution which was entering the slough but was unable to do so until about July, 1947, when he and H. B. Courtney discovered a leak above the two lines about twenty feet from the slough. A large amount of oil was coming out of the leak through a large hole in the ground about three or four feet in diameter, and about four or five deep deep, and oil was thrown around there over a radius of about twenty-five feet. He testified that the oil had been seeping through underground down to the base of the slough; that he dug down to the pipe lines and found a break in them and that the Pipe Line Company repaired the break on two different occasions. Courtney testified to substantially the same facts.

The Pipe Line Company offered testimony that the broken line was a four-inch water line that carried no oil. As to whether oil was escaping from either one or both of these lines, it is of some significance;

however, that when the line was repaired, the spot was covered with sand. It seems doubtful that this would have been done if water alone was escaping. The six-inch line was subsequently removed.

Saxton testified that following the repair of the broken line and the removal of the six-inch pipe line, the oil scum on the slough disappeared and his livestock and poultry improved in health and that he has suffered no further loss.

While the evidence is not overwhelming or without conflict, there was sufficient evidence to support the court's finding that the Pipe Line Company negligently permitted oil to escape and to enter the slough, and thus establish the causal connection between such escaping oil and the oil that appeared on the waters in the slough and with the loss suffered by Saxton.

Appellant relies on a number of authorities set out in footnote one [1] to sustain its contentions. Since the decision in every case, however, depends upon its own particular facts, it would serve no purpose to analyze these cases in detail. Only brief reference will be made to them.

In the Prest-O-Lite Company case, there was no proof that deleterious substances, relied upon for recovery, were in the water at the time the injury occurred. In the Midco Oil Corp. case, there was evidence that the salt water claimed to have caused the loss did not find its way into the stream until after the loss had occurred. In the Phillips Petroleum case, the evidence failed to show that the water contained deleterious substances in harmful quantities. In the Shell Petroleum case, an analysis of the water showed that it contained far less than the minimum amount of deleterious substances necessary to make it injurious.

Saxton, on the other hand, cites a series of cases by the Supreme Court upholding recovery of damages for loss from polluted, salt or oily water. Since, as stated, each case must stand on its own peculiar facts, a discussion of these cases would likewise serve no vital purpose in this case.

1. Prest-O-Lite Co. v. Howery, 169 Okl. 408, 37 P.2d 303; Midco Oil Corp. v. Hull, 182 Okl. 21, 75 P.2d 1126; Phillips Petroleum Co. v. Davis, 182 Okl. 397, 77 P.2d 1147; Shell Petroleum Corp. v. Voss, 190 Okl. 675, 126 P.2d 540.

1008

An examination of the entire record leads us to conclude that the findings of the court have adequate support in the record.

The judgment is, therefore, affirmed.

