## H. L. NYE *et al.* v. W. C. WEISS.

### No. 241.

REPLEVIN — *Possession of Property — Estoppel by Execution of Redelivery. Bond.* "By executing a redelivery bond in a replevin action and procuring a return of the property thereunder, the defendant is estopped from denying his possession of the property at the commencement of the action." (*Jordan v. Johnson*, 1 Kan. App. 657.)

Error from Kingman district court; S. W. LESLIE, judge. Opinion filed May 14, 1898. Affirmed.

*S. A. Ashbaugh*, for plaintiffs in error.

*W. M. Wallace*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This is an action in replevin commenced by defendant in error in the district court of Kingman county against the plaintiffs in error to recover the possession of 415 bushels of wheat. The case was tried to a jury, and resulted in a verdict in favor of W. C. Weiss, plaintiff below, and against David Fox and Hamilton & Son, defendants below, who bring the case here for review.

The defendants David Fox and W. S. Hamilton (who was a member of the firm of Hamilton & Son), to procure the return to them by the sheriff of the 415 bushels of wheat, executed and delivered to the sheriff a redelivery bond, of which the following is a copy:

"STATE OF KANSAS, KINGMAN COUNTY, ss.

"WHEREAS, By virtue of an order issued by the clerk of the district court within and for said county and state, in an action therein commenced, wherein W. C. Weiss is plaintiff, and H. L. Nye, David Fox, W. S. Hamilton and W. F. Hamilton, partners as

Hamilton & Son, are defendants, the sheriff of said county has, on behalf of said plaintiff, taken possession of the following-described property, to wit: 415 bushels of wheat in the bins at the elevator of Hamilton & Son, in the town of Norwich, in the county of Kingman, state of Kansas; said wheat more particularly described is what is known as soft or May wheat, and is mixed and confused with other wheat of like kind and grade in said elevator, of the actual value of $375:

" Now, we the undersigned, residents of said county, bind ourselves to said plaintiff in the sum of $750, with costs and damages ( being double the amount of the value of said property as stated in the affidavit of said plaintiff ), that defendants will deliver said property to plaintiff, if such delivery be adjudged, and that they will pay all costs and damages that may be awarded against them.      THOMAS WORSLEY.
         W. S. HAMILTON.
         DAVID FOX.

" Approved by me, this 19th day of August, 1891.
         R. D. FAUGHT, *Sheriff*."

They now complain that the trial court erred " in refusing to permit Hamilton to testify that, at the time the demand was made upon him, the wheat had already been shipped to Kansas City." They also contend that

" The bond does not estop Fox from denying the possession because the bond itself states on its face that the wheat is in the possession of Hamilton & Son, and the court refused to permit Fox to testify that he signed the bond only as a surety."

In the case of *Jordan v. Johnson*, 1 Kan. App. 656, this court held:

" By executing a redelivery bond in a replevin action, and procuring a return of the property thereunder, the defendant is estopped from denying his possession of the property at the commencement of the action."

In delivering the opinion, DENNISON, J., said :

" The question was raised in this case that Johnson did not have possession of the wheat at the time the suit was brought.  The question is eliminated from this case by the fact that he gave a redelivery bond and the wheat was returned to him by the sheriff. By this he is estopped from denying possession at the commencement of the action.  The statutes provide that if an undertaking be executed to the plaintiff ' to the effect that the defendant will deliver the property to the plaintiff, if such delivery be adjudged, and will pay all costs and damages awarded against him, the sheriff will return the property to the defendant.' The defendant cannot be permitted to give an undertaking for the *return* of the property, and thereby have it returned to him by the sheriff, and then be heard to say that the property was not in his possession at the commencement of the action."

This case is decisive of all material objections raised, by plaintiffs in error.  The judgment of the district court is affirmed.