HARRY BOYCE V. AUGUSTA CAMP No. 7429, MODERN WOOD-
MEN OF AMERICA.

(Filed September 3, 1904.)

1. **REPLEVIN—Pleading.** In this case the affidavit of replevin described each article claimed, and then gave the total value of all. After trial in the justice's court, and while the case was pending in the district court, the plaintiff, having first obtained leave, filed an amended bill of particulars, in which he not only described each article claimed, but also alleged the value of each.; Held, That, in all of the circumstances, the mere fact that the replevin affidavit failed to state the value of each article, will not justify a reversal of the case.

2. **CORPORATE EXISTENCE—Not Necessary To Allege.** The words, "a corporation," appearing in the title of a case after the name of a plaintiff, are descriptive of the plaintiff, and cannot be construed to be an allegation of incorporation.

3. **LEGAL CAPACITY TO SUE.** When the contrary does not appear from the face of the petition, a plaintiff is presumed to have the legal capacity to sue, and the burden is upon the defendant in the first instance, to show that such capacity does not exist. An objection that one has no legal capacity to sue or to maintain a suit goes to his right to maintain a suit at all, as, for instance. that he is an idiot, an insane person, a minor, etc., and does not include the objection that the action is not prosecuted in the name of the real party in interest.

4. **EVIDENCE—Case Reversed, When.** A judgment will be reversed because the trial court excluded evidence, only when the appellate court can say from the record that such party was probably prejudiced by such ruling.

5. **REPLEVIN—Re-Delivery Bond—Estoppel.** A defendant in a replevin suit who executes a re-delivery bond and thereby regains possession of the property in controversy, is thereby estopped from

denying that he was in possession of the property at the time of the commencement of the action, but he is not estopped from proving that the title to the property is in a third party, and that he held it as agent for such third party at the commencement of the suit.

6. **TECHNICAL ERRORS.** Where it is evident from an examination of the entire record that a judgment is right, technical errors which do not affect the substantial rights of the parties, will be ignored.

(Syllabus by the Court.)

*Error from, the District Court of Woods County; before J. L. Pancoast, Trial Judge.*

*A. C. Towne,* for plaintiff in error.

*Cowgill & Dunn,* for defendant in error.

Opinion of the court by

BURWELL, J.: This action was originally commenced in the justice's court and appealed to the district court, where judgment was rendered for the plaintiff for the recovery of certain band instruments, and for costs. A number of assignments of error are urged but in our opinion they are not sufficient to warrant a reversal. The affidavit of replevin failed to state the value of each instrument, and no bill of particulars was filed with the justice; but, when the case reached the district court, the plaintiff, after first obtaining leave, filed a bill of particulars in which he set out all the facts fully, and in which he described and stated the value of each instrument. While the affidavit of replevin was somewhat defective, the bill of particulars filed in the district court was sufficient, and the court had a right, in its discretion, to allow the filing of pleadings, inasmuch as the case was taken there on appeal, and a trial *de novo* demanded, and not on a bill of exceptions.

The defendant moved to dismiss the action because the plaintiff was not a corporation, which motion was overruled. There was no error in this ruling. The plaintiff did not allege that it was a corporation. It is true that in the title of the case appear the words "a corporation" after the name of the plaintiff, but it has been held by this court that these words, when appearing thus in the title of a case, are merely descriptive of the plaintiff. (*Leader Printing Company v. Lowry,* 9 Okla. 89). The record shows that the plaintiff was not, and in fact did not claim to be, a corporation, and the burden was on the defendant in the first instance, to show that it had no legal capacity to sue. (*Leader Printing Company v. Lowry, supra*). A plaintiff's legal capacity to sue, in the absence of some showing either in the petition or by the defendant, will be presumed.

The appellant also insists that plaintiffs have no right to maintain the action. It is evident from the argument filed by him that he intended to raise the point that the case was not being prosecuted in the name of the real party in interest, but his objection is insufficient to raise this question. An objection that one has no legal capacity to sue or maintain a suit goes to his right to maintain a suit at all; for instance, that he is an idiot, an insane person, a minor, etc., and does not include the objection that the action is not prosecuted in the name of the real party in interest.

The plaintiff in error also complains of the exclusion of evidence tending to show that the instruments in question were the property of Carmen Lodge of the Modern Woodmen of America and not the property of the appellee. We have read the record, and are of the opinion that the court afforded the appellant ample opportunity to· establish that

fact.   The trial court expressly stated during the trial that if the appellant could show that the property belonged to Carmen Lodge, he might do so.   and the evidence excluded did not necessarily tend to establish appellant's contention.

The defendant in the court below executed a redelivery bond, and retained possession of the property, and the appellee now argues that the execution of that bond estopped him from offering evidence tending to establish that the property belonged to a third party.   With this theory we cannot agree.   This being a replevin action, he could prove any state of facts which would defeat the right of the plaintiff to recover, except that he could not claim, after giving the redelivery bond and securing a return of the property under it, that he was not in possession of the property at the time of the commencement of the action.   (*Jordan v. Johnson,* [Kan.] 42 Pac. 415; *Nye v. Weiss,* [Kan.] 53 Pac. 152).

We have considered all of the questions raised, and are of the opinion that the judgment of the lower court should be and is hereby affirmed at the cost of appellant.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.