**FERRIS et al., Receivers, v. JONES, Adm'x.**

No. 10221—Opinion Filed March 16, 1920.

Rehearing Denied April 27, 1920.

(Syllabus by the Court.)

1. **Death—Action for Wrongful Death—Who May Sue—Employers' Liability Act.**

An action under the federal Employers' Liability Act of April 22, 1908 (35 St. at L. 65, c. 149; U. S. Comp. St. Supp. 1909, page 1171), for damages for the negligent death of one engaged in interstate commerce, must be by personal representative of the deceased. The sole beneficiary in an individual capacity is without authority to maintain such an action.

2. **Same—Substitution of Parties Plaintiff—Administrators.**

In an action under the federal Employers' Liability Act brought for damages for the negligent death of one engaged in interstate commerce by a plaintiff in an individual ca-

pacity, the court may, if there is no abuse of discretion, substitute the administrator as plaintiff in lieu of the plaintiff in an individual capacity.

3. **Same.**

In this suit the plaintiff commenced the suit in an individual capacity for damages for the negligent death of the deceased. The defendants introduced evidence proving that the deceased was engaged in interstate commerce at the time of injury, whereupon, over the objection of defendants, the court, upon motion of plaintiff, by formal order substituted plaintiff as administratrix of the estate of the deceased as plaintiff in lieu of herself in an individual capacity, and the cause proceeded as though the suit had been brought by an administratrix. Held, not error.

4. **Parties—Representative Capacity—Pleading.**

Where one sues or is sued in a representative capacity, it must be averred that it is in such representative capacity, and a mere statement of representative character following the name of the plaintiff in the title of the petition will be treated as descriptive personae.

5. **Pleading—Amendment—Trial as Though Amendment Made—Effect.**

Where a court authorizes the amendment of a pleading, the better practice is that the amendment should actually be made; but if the cause is tried as though the amendment had been made, the necessity of making it is thereby obviated. The course is to consider the order as standing for the amendment.

6. **Master and Servant—Assumption of Risks—Negligence of Fellow Servants.**

Under the federal Employers' Liability Act a servant does not ordinarily assume the negligent acts of a fellow servant; but if he becomes aware of the risk and danger arising therefrom and continues in the employment, or if the risk and dangers therefrom are so obvious that an ordinarily prudent person under the same circumstances would observe the one and appreciate the other, then the employe assumes the risk arising from the negligent act of a coemploye.

7. **Same—Action for Injuries to Servant—Directing Verdict.**

A trial court is not justified in directing a verdict in a personal injury suit for damages, wherein negligence is alleged, if there is any evidence reasonably tending to prove the negligence alleged and the resulting injury.

8. **Same—Instructions.**

We have examined the instructions given and refused by the court, and find no error therein for reasons stated in the opinion.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Mrs. Bessie Jones to recover damages from H. C. Ferris and Alexander New, as receivers of the Missouri, Oklahoma & Gulf Railway Company, for the negligent death of her husband, W. E. Jones. Judgment for plaintiff in the sum of $15,000, and defendants bring error. Affirmed.

Arthur Miller and Jones & Foster, for plaintiffs in error.

Maben & Pitman, for defendant in error.

HIGGINS, J. In this opinion the plaintiffs in error will be referred to as defendants, and the defendant in error will be referred to as plaintiff; they so appearing in the trial court.

This suit was instituted by plaintiff in an individual capacity against the defendants for the negligent death of W. E. Jones, deceased, who on April 15, 1916, was killed at Hoffman, Oklahoma, by an explosion of a locomotive boiler of defendants of which he was fireman. The plaintiff alleges that the defendants were negligent in this, that the boiler which the deceased was firing was in a weakened and unsafe condition, and that the engineer was negligent in failing to keep a sufficient amount of water therein and in pumping cold water therein while it was in a highly heated condition, thus causing the explosion. Defendants filed a general denial, and further pleaded that the deceased himself was the one who was negligent in the handling of the water, permitting it to become too low in the boiler, thus subjecting the boiler to an intense heat, and while it was in this condition that he pumped cold water therein, which was the cause of the explosion. They further pleaded that the deceased assumed the risk and was enagaged in interstate commerce at the time of the injury. To this answer the plaintiff filed a general denial. The evidence showed that the deceased was engaged in interstate commerce at the time of his injury, consequently the suit could be maintained only under the federal Employers' Liability Act of April 22, 1908 (35 St. at L. 65, c. 149; U. S. Comp. St. Supp. 1909, page 1171).

At the conclusion of the evidence, upon motion of the plaintiff and over the objections of the defendants, the court substituted the plaintiff as administratrix of the estate of the deceased as plaintiff in lieu of herself in an individual capacity. The jury returned a verdict in favor of plaintiff in the sum of $15,000, and judgment was entered thereon. Prior to judgment the plaintiff did not file an amended petition, amend the original petition by interlineation, or otherwise, averring that the suit was by her as administratrix. After judgment was entered and while the

motion for new trial was pending, plaintiff filed an amendment to the petition wherein the word "administratrix" follows her name in the title, but it is not averred in the body of this amendment to the petition that the suit is by plaintiff as administratrix. The court authorized the filing of this amendment to the petition in order to conform to the evidence introduced.

Upon overruling the motion for new trial the defendants appeal to this court.

The defendants assign as error, first, that the court erred in overruling the defendants' demurrer to the evidence and in overruling the defendants' motion for peremptory instruction; second, the court erred in giving and refusing to give certain instructions; third, the court erred in admitting and excluding certain evidence. Under the first assignment it is urged that the court should have instructed a verdict for the reason that this suit was maintained by the plaintiff in an individual capacity. An action for wrongful death of one engaged in interstate commerce must be maintained by the administrator or executor of an estate, and cannot be maintained by one in an individual capacity, even though he or she may be the sole beneficiary. Missouri, K. & T. R. Co. v. Lenahan, 39 Okla. 283, 135 Pac. 383; American Ry. Co. v. Birch, 224 U. S. 547, 56 L. Ed. 879; St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, 57 L. Ed. 1129.

This suit was instituted by plaintiff in an individual capacity. This was error. At the close of the evidence, upon motion of plaintiff, and over the objections of the defendants, the court by formal order substituted the plaintiff as administratrix of the estate of the deceased as plaintiff in lieu of herself in an individual capacity. Under state procedure this is permissible if there be no abuse of discretion. Farrell v. Puthoff, 13 Okla. 159, 74 Pac. 96; Hanlan v. Baxter, 20 Kan. 134. In all actions brought under the federal Employers' Liability Act the procedure of the state where suit is pending controls. Roberts' Federal Liability of Carriers, sec. 427. In suits brought under this act the court may substitute the administrator as party plaintiff in lieu of a plaintiff who sues in an individual capacity. Richey, Employers' Liability Act, page 96; Missouri, K. & T. R. Co. v. Wulf, 226 U. S. 570, 57 L. Ed. 355; Hall v. Louisville & N. R. Co., 157 Fed. 464.

We have examined the record in this case, and find no abuse of discretion by the trial court in the substitution of parties plaintiff.

The defendants urge that the attempt at substitution is not a legal substitution of plaintiff in a representative capacity, and

for that reason a verdict should have been directed in their favor.

In the amendment to the petition the word "administratrix" follows the name of the plaintiff in the title, but there is no averment in the body of the petition that the suit as amended is maintained as such. Where the word "administratrix" follows the name of plaintiff in the title or caption of a petition, and there is no averment that the suit is by such in the body of the same, the word "administratrix" is merely a personal description of the party bringing the suit, and the suit is by plaintiff in a personal capacity, and not in a representative capacity. 18 Cyc. 978; 31 Cyc. 99; Boyce v. Augusta Camp, 14 Okla. 642, 78 Pac. 322.

In this case, however, the court made a formal order of substitution, but it appears that the only change in the pleadings after this order was made was the filing of the amendment to the petition as above stated. After the order of substitution the trial proceeded as though it were a suit by an administratrix. The question that now presents itself is whether or not it is necessary to actually amend the petition after the order of substitution, in order that there be a legal substitution.

31 Cyc. 386, states:

"While it is very generally conceded that proper practice requires that amendments should actually be made, it is nevertheless held in a large number of decisions that if leave to amend is given, and the cause is tried as though the amendment had been made, the necessity for making it is thereby obviated. The course is to consider the order as standing for the amendment itself. And where an amendment is ordered or permitted, and is of such a nature that the record furnishes upon its face all the data for applying it, it may be considered as made, although no verbal changes are made in the pleadings which are then to be read as if they had been actually amended."

The same doctrine is held in Excelsior Mfg. Co. v. Boyle, 46 Kan. 202, 26 Pac. 408.

We therefore find that, under the facts of this case and in keeping with the authorities cited above, there has been a legal substitution of the parties to this suit, and that the suit is by the administratrix, and that the court committed no error in refusing to direct a verdict for that reason.

Under this assignment the defendants further urge that the deceased assumed the risk, and for that reason the plaintiff cannot recover.

It is the theory of both parties to this suit that the water in the boiler became too low, subjecting it to an intense heat, and while it was in this condition cold water was injected therein and as a result the explosion of the boiler occurred. The plaintiff further contends that this boiler had, a few weeks prior thereto, been in a wreck and was in a weakened and unsafe condition. The defendants admit that the boiler had been in a wreck, but deny it was in a weakened or unsafe condition.

In this case there is evidence that it was the duty of the engineer to handle the injector, and the rule of the road introduced in evidence required him to do so and forbade the fireman. There is much evidence tending to prove that the deceased, in violation of this rule, was handling the injector and that the engineer was not. The contention of the defendants is that the fireman was handling the injector and injected the water into the boiler at the time of the explosion. This contention necessarily carries with it the fact that the engineer was negligent in failing to handle the water.

The defendants contend that a servant assumes all risks arising from the violation of a rule, and cite many authorities in support thereof, some of which are as follows: 4 Thompson on Negligence, sec. 4624; 3 LaBatt on Master and Servant, secs. 1281-1284; 3 Elliott on Railroads, sec. 1282; R. & D. R. Co. v. Finley, 63 Fed. 228; L. E. & W. R. Co. v. Craig, 80 Fed. 488; Erie R. R. Co. v. Kane, 118 Fed. 223; St. L. & S. F. R. Co. v. Deweese, 163 Fed. 56; B. & O. R. Co. v. Doty, 133 Fed. 866; Southern R. R. Co. v. Ritch, 185 Fed. 717; Great Northern R. R. Co. v. Wiles, 240 U. S. 444, 60 L. Ed. 732.

An examination of these authorities tends to show that at the time of the injury the servant alone was negligent. In this case a fellow servant, the engineer, who under section 1 of the act stands in the place of the master, was also negligent.

Roberts on Federal Liabilities of Carriers, sec. 568, states:

"In an action under the federal act, the defendant pleaded in its answer that the plaintiff had contributed to his own injury by violating one of its rules governing employes, and that he therefore assumed the risk. The court held that such a fact, even if proven, did not show assumption of risk, for the reason that such a defense is referable to contributory negligence and not to assumption of risk."

Under this act the common-law doctrine applicable to a fellow servant (section 1), and to contributory negligence (section 3), and the assumption of risk (section 4), in so far as this assumption may be a defense

to a charge that a statute enacted for the safety of the employes has been violated, has been abrogated. While the defense of the assumption of risk is not available where the railroad is charged with the violation of a statute enacted for the safety of its employes, yet it may be available as a defense as to all other acts of negligence. Seaboard Air Line v. Horton, 233 U. S. 492, 58 L. Ed. 1062.

Roberts, at section 560, states:

"He [the servant] does not ordinarily assume the negligent act of a fellow servant; but if· he becomes aware of the risk and danger arising therefrom and continues in the employment, or if the risk and danger arising therefrom are so obvious that an ordinarily prudent person under the same circumstances would have observed the one and appreciated the other, then an employe assumes the risk arising from the negligent act of a coemploye under the national statute."

Michigan Cent. R. Co. v. Shaffer, 136 C. C. A. 413, 220 Fed. 809, states:

"An employe does not assume the negligence of a fellow servant under the federal act unless it be made to appear, first, that the negligence was either in fact known to the plaintiff, or was so customary that he must be charged with knowledge; and, second, that he must appreciate, or be bound to appreciate, the danger."

We therefore find that, under the facts and circumstances of this case, the deceased, as a matter of law, did not assume the risk of his injury.

Under the above authorities we therefore find that the contention of the plaintiff that the defense of assumption of risk is not available as a defense to the negligent acts of a fellow servant is not sound.

The negligent act of the fellow servant, the engineer, in failing to observe the condition of the water in the boiler must have been known to the deceased, and in addition thereto he must have appreciated the danger, in order that he may be charged with the assumption of the risk. The burden was on the defendants to prove both.

Under the above authorities cited and under the facts and circumstances of this case we find that the trial court did not commit error in submitting the issue to the jury.

It is urged that there is no evidence showing the boiler was in a weak and unsafe condition at the time of the injury, and that the court erred in submitting to the jury the issue as to such. The evidence introduced tended to prove that a few weeks prior to the explosion this same boiler was in a wreck and had been derailed. There was evidence that if a boiler is subjected to an intense heat, it customarily turns to a blue color, and that a boiler is weakened by becoming overheated. There was evidence that subsequent to the wreck and prior to the explosion the color of the boiler was blue. If there be any evidence reasonably tending to prove the boiler was in a weak or unsafe condition, then this issue should be submitted to the jury. Hussey v. Blaylock, 38 Okla. 204, 132 Pac. 821. We do not find that the court committed error in submitting this issue to the jury.

The defendants assign as error that the court erred in refusing to give certain requested instructions to the jury. In these instructions the court is requested to state to the jury that if the deceased was using the injectors and violating a rule of the defendants and permitted the water to get too low in the boiler, subjecting the same to an intense heat, and while in this condition injected cold water therein, causing the explosion, as a matter of law he would thereby assume the risk and could not recover. The court was requested to so instruct the jury regardless of the fact that the engineer, a fellow servant, too, was negligent in his failure to observe the water in the boiler and to handle the water, and regardless of whether or not the deceased knew that the engineer was negligent or appreciated the danger thereof. We find no error in the trial court in refusing these instructions.

Under the federal Employers' Liability Act a court in instructing a jury should, if requested, give concrete instruction applicable to the phase of the evidence. Roberts, sec. 569. In this case there was no request that the jury be instructed that deceased would assume the risk of the negligent acts of a fellow workman if he, the deceased, knew or by the exercise of ordinary care would have known, that the engineer was not observing the water in the boiler, and furthermore appreciated the dangers thereof. The court instructed that the defense of assumption of the risk by the deceased was not available to defendants upon the charge that the boiler was in a weak and unsafe condition, but otherwise gave a general instruction as to the assumption of risk by the deceased.

We have carefully examined the instruction given and those refused, and find no fundamental error.

The last assignment of error is that the court erred in admitting in evidence a rule of the defendants promulgated and posted after the explosion. We doubt the correctness of admitting this evidence. City of

Wynnewood v. Cox, 81 Okla. 563, 122 Pac. 528; Missouri, K. & T. R. Co. v. Johnson, 34 Okla. 582, 126 Pac. 567; Shawnee G. & El. Co. v. Motsenbocker, 41 Okla. 454, 138 Pac. 790. This rule was the same as the rule in force at the time of the explosion, with added thereto a statement of the danger of intrusting the handling of the water to others. The difference between this rule and the one in force at the time of the explosion is so insignificant that we find that the error is harmless, and under section 6005 of the Revised Laws of 1910 should not, for that reason, be reversed.

Affirmed.

OWEN, C. J., and PITCHFORD, BAILEY, and McNEILL, JJ., concur.