**GILLES v. E. M. PAGE ESTATE et al.**

No. 20693. Opinion Filed Jan. 26, 1932.

O. T. Shinn, for plaintiff in error.

Cheek & McRill, for defendants in error.

HEFNER, J. This is an appeal by John P. Gilles to review an order of the district court of Oklahoma County sustaining a demurrer to his petition. The action was brought to quiet title to certain lots in Oklahoma City. The petition is entitled "John P. Gilles, Plaintiff, v. E. M. Page Estate, Farmers National Bank of Oklahoma City, Executors." It would appear from the caption that plaintiff attempted to sue the Farmers National Bank of Oklahoma City as the executor of the E. M. Page Estate. There is no allegation in his petition to designate in what capacity, if any, the Farmers National Bank of Oklahoma City is sued. There is no allegation that it had been appointed executor of the estate. The estate cannot be sued, as such, but could only be sued through a duly appointed and qualified executor or administrator, and there is no allegation that any one had ever been appointed as executor or administrator.

In the case of Ferris v. Jones, 78 Okla. 154, 189 P. 527, it is held:

"Where one sues or is sued in a representative capacity, it must be averred that it is in such representative capacity, and a mere statement of representative character following the name of the plaintiff in the title of the petition will be treated as descriptio personae."

The trial court, prior to sustaining the demurrer, called the attention of counsel for plaintiff to the defect in the petition, but counsel refused to amend. In the absence of an allegation that an executor or an administrator had been appointed, the demurrer was properly sustained.

It was also contended that the petition is insufficient in that it fails to allege that defendants claimed an adverse interest in the estate. The better practice, in cases of this character, is to allege that defendant claims title to the property adversely to the title of plaintiff, or that defendant's claim of title is unfounded. It is, however, not necessary to pass upon that question, as the judgment must be and is affirmed on other grounds.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.