## BLACK et al. v. WARREN.

No. 26438. Oct. 6, 1936.

Rehearing Denied Nov. 17, 1936.

Porter H. Morgan, for plaintiff in error.

C. C. Andrews, for defendant in error.

PER CURIAM. The parties will be referred to as they appear in the court below. The action was originally brought by the plaintiff in a justice court against the defendants, LaVern W. Black and M. O. Summers. In the style of the case the defendants were described as "doing business as Alco Finance Co." In the body of the bill of particulars they were referred to as the defendants. The action was for the recovery of usurious interest alleged to have been paid to and collected by the defendants. The defendants did not file any pleading before the justice of the peace, but on appeal obtained leave and filed their answer to the bill of particulars, denying generally the allegations contained in the bill, and alleging that at the time mentioned in the bill they were not partners or associated together in any way, nor did they do business as the Alco Finance Company. The appeal was filed in the court of common pleas on June 23, 1934. On November 19, 1934, the defendants were given ten days within which to file their answer. On November 30, 1934, the answer was filed. No reply was filed by the plaintiff. The case was tried on December 18, 1934, over the objection of the defendants, who contended that ten days had not elapsed since the issues were or should have been made up. The trial resulted in a judgment in favor of the plaintiff, from which judgment the defendants appeal.

1. Section 395, O. S. 1931, provides that actions shall be triable at the first term of the court after or during which the issues therein, by the time fixed for pleading, are or shall have been made up. This section of the statutes does not apply to causes appealed from a justice of the peace court. Defendants are not required to file an answer before the justice of the peace, nor are they required to file answer in the appellate court. If they wish so to do, they may obtain leave and file answer. (Section 1022, O. S. 1931.) A reply by the plaintiff is not necessary. Marshik v. Farmers Union Co-Op. Exchange, 123 Okla. 76, 250 P. 136; Johnson v. Johnson, 43 Okla. 582, 143 P. 670. The statutes contemplate that on appeal from the justice of the peace, the cause shall be tried de novo in the appellate court

on the pleadings filed before the justice of the peace.

Furthermore, the answer of the defendants did not set up any new matter requiring a reply. The answer amounted in effect to a denial that the defendants were doing business as the Alco Finance Company, and that they charged and collected the usurious interest claimed by the plaintiff. The answer did not undertake to show in what capacity they acted in dealing with the plaintiff, or for whom they acted, if for an undisclosed principal.

A reply not being required, there is no merit in the defendants' contention that the cause could not have been properly tried by the trial court for the reason that the cause was not at issue ten days after the reply should have been filed in accordance with the statutes providing for the time of filing pleadings in courts of record.

2, 3. Complaint is made that the verdict of the jury was not sustained by sufficient evidence because the evidence showed the defendants were employees of the Alco Finance Company. In the plaintiff's bill of particulars, the style of the cause described the defendants as "doing business as the Alco Finance Co." In the body of the pleading they are referred to as defendants, with no allegation as to the manner in which they were doing business. Under these circumstances, the words "Alco Finance Co.," in the style of the bill of particulars, must be construed as descriptio personae. Ferris v. Jones, 78 Okla. 154, 189 P. 527; Boyce v. Augusta Camp, 14 Okla. 642, 78 P. 322. The evidence, while meager, was sufficient to submit to the jury on the question of whether or not the defendants charged and collected usurious interest. The defendants offered only the testimony of the defendant LaVern W. Black, who testified she was the bookkeeper employed by her codefendant, M. O. Summers. From her testimony it appeared that she worked for him in the conduct of the loan business under the name of Alco Finance Company for five years, but her testimony was so vague and uncertain that the jury was justified in attaching to it little, if any, probative value in arriving at their verdict in the case. If the defendants wished to escape liability for charging and collecting the usurious interest claimed, on the ground that they were acting as the agents for a principal, the burden of proof was on them to establish the agency. Wrought Iron Range Co. v. Leach, 32 Okla. 706, 123 P. 419; 2 C. J. 919.

4. The defendants complain of the refusal of the trial court to give their instructions Nos. 1 and 2. We have held in many cases that a defendant is entitled to have given an instruction on his theory of the case, if supported by evidence introduced in the trial, unless the substance of the requested instruction is given by the trial court in other instructions.

The court instructed the jury in its instruction No. 7 as follows:

"This law, gentlemen of the jury, should be enforced the same as any other law. No question of prejudice nor of sympathy nor any other consideration should be given except the evidence as it comes from the witness stand. Hence, if you believe as I have said before, that there was usury in this transaction, and if you believe that the transaction was with the defendants and for the defendants and by the defendants, then your verdict should be for the plaintiff."

This instruction sufficiently presented the issue to the jury. The plaintiff was suing the defendants for the collection of usurious interest, not as partners of the Alco Finance Company, but as individuals. The designation of the defendants in the style of the case as doing business as Alco Finance Company must be considered as descriptio personae. Ferris v. Jones, supra; Boyce v. Augusta Camp, supra. Therefore, the issue resolved itself into the proposition of whether or not the defendants collected the money as individuals. The defendants had it within their power to offer evidence as to their principal for whom they were employed as agents, if such was the fact, and, in that event, they might have been entitled to an instruction on the theory that the agent was not liable for the taking and charging of interest for his principal. If the defendants sought to escape liability because they were acting as agents and not for themselves in these loan matters, they should have shown by evidence for whom they were acting. Instead of doing this they failed to put on the stand the one defendant who would or should know those matters, M. O. Summers, who, it appears from the testimony of the defendant Black, was the manager of the business. Where it is not known that one is acting as an agent, the law indulges no presumption that an agency exists, but, on the contrary, it presumes that a person is acting for himself and not as the agent of another. 2 C. J. 919.

Therefore, when the court instructed the

jury that if they believed the transaction was "with the defendants and for the defendants and by the defendants," it submitted the case on the defendant's theory as fairly as it could be submitted under the record.

The failure of the trial court to give instruction No. 2 was justified because of its other instructions in the case, and further because this requested instruction was erroneous in that it invaded the province of the jury when it told the jury that the taking of receipts in the name of Alco Finance Company disclosed to the plaintiff that he was dealing with that company and that therefore their verdict should be for the defendants.

5. Complaint is made of instruction No. 8 given by the court for the reason that it is said to have been an invasion of the province of the jury, when the court advised the jury that the amount of interest paid was not controverted. It is quite true that the defendants denied the allegations contained in the plaintiff's bill of particulars, but the record discloses no testimony offered in opposition to the plaintiff's testimony respecting such interest payments. We, therefore, agree with the trial court that the only question remaining to be settled was whether the defendants made the loan. We see no error in the giving of this instruction.

On the whole, the case was submitted to the jury on instructions fair to the defendants, and apparently in the only manner in which the case could have been submitted in view of the defendants' unwillingness to advise the court and the jury as to the facts respecting the operations of the Alco Finance Company. This information was peculiarly within the knowledge of the defendants and not within the knowledge of the plaintiff. So far as the plaintiff was concerned, he dealt with those individuals loaning him the money.

The burden was upon the defendants to establish that they were acting as agents, and that the agency was known or should have been known by the plaintiff because of other facts and circumstances involved in the transaction.

The judgment of the trial court is affirmed. Motion for judgment upon the supersedeas bond is granted and judgment entered against M. D. Heaston as surety on the bond. Counsel for the defendant in error may submit journal entry of judgment.

The Supreme Court acknowledges the aid of Attorneys E. R. Jones and J. C. Stone in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Jones and approved by Mr. Stone, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, CORN, and GIBSON, JJ., concur.