## KNUPP OIL CORPORATION et al. v. LOHMAN.

No. 18739.    Opinion Filed Feb. 28, 1928.

(Syllabus.)

1. **Oil and Gas—Statute Against Allowing Salt Water to Flow Over Land—Scope of Protection.**

The inhibition against allowing salt water from oil or gas wells to flow over the surface of land was enacted for the benefit of all persons who may suffer injury by its violation.

2. **Trial—Instruction in Language of Statute When Correctly Construed in Other Instructions.**

It is not reversible error to instruct the jury substantially in the language of the statute, where the statute is correctly construed in other paragraphs of the instructions.

3. **Appeal and Error—Harmless Error—Evidence and Instructions.**

Under section 2822, C. O. S. 1921, this court will not set aside the judgment of the trial court because of erroneous instructions given the jury or improper admission or rejection of evidence, unless, in the opinion of the court, after an examination of the entire record, it appears that such errors have probably resulted in a miscarriage of justice or constitute a substantial violation of a constitutional or statutory right.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by A. W. Lohman against the Knupp Oil Corporation and Fred M. Boso. Judgment for plaintiff, and defendants appeal. Affirmed.

H. H. Montgomery and L. A. Justus, Jr., for plaintiffs in error.

A. M. Widdows, Frank T. McCoy, and John T. Craig, for defendant in error.

PHELPS, J. Defendant in error filed his action in the district court of Osage county,

praying judgment for damages against plaintiffs in error, alleging that he was in possession of certain lands which he used for grazing purposes and that plaintiffs in error were engaged in oil production and wrongfully and unlawfully, and in violation of section 7969, C. O. S. 1921, caused and permitted oil, salt water, and other deleterious substances to escape from their oil mining operations and to pollute a stream running through the pasture of defendant in error; that his cattle drank of the polluted water and some of them died and others were injured and damaged.

The cause was tried to a jury, and from a judgment in behalf of defendant in error, upon the jury's verdict, plaintiffs in error prosecute this appeal.

Plaintiffs in error first contend that the trial court erred in giving instructions numbered 4 and 5. The objection urged in instruction numbered 5 is that it is practically a verbatim copy of section 7969, C. O. S. 1921, providing what disposition shall be made of waste oil, also that salt water shall not be allowed to flow over the surface of the land, the contention being that, since the evidence failed to show that anything escaped from the well except salt water, that part of the instructions advising the jury as to the disposition of inflammable products from oil and gas wells should not have been included in the instructions, also that these instructions were erroneous because the plaintiff in the trial court, by his pleadings and his evidence, had not placed himself in a position to claim the protection of this section of the statute, it not being shown that he had a valid lease covering the premises. We think this contention without merit.

It is true that most, if not all, of the evidence showed the pollution to be by salt water only, although plaintiff's petition alleged that oil, salt water, and other deleterious substances escaped and polluted the stream. We are not willing, however, to say that this instruction is erroneous simply because it tells the jury what the duty of the oil operator is with reference to the disposition of waste oils and inflammable products, as well as salt water, which may escape from the well, since it was made clear from all the instructions taken together that there was no dispute as to what substance polluted the stream, and plaintiff testified that when the injury occurred he was in peaceable, quiet, and undisputed possession of the premises. Under the rule laid down by this court in Devonian Oil Co. v.

Smith, 124 Okla. 71, 254 Pac. 14, he was entitled to the protection of section 7969, supra.

It is further contended by counsel for plaintiffs in error that before plaintiff below could recover it must be shown that defendants below knowingly and willfully did some act prohibited by law or left undone some duty imposed upon them by statute. With this contention we cannot agree.

Section 6, ch. 26, Session Laws 1909, the original statute on this subject, provided that:

"Salt water shall not be **negligently** allowed to flow over the surface of the land."

But subsequently the word "negligently" was eliminated from the law, and the operator of an oil and gas well, under the law as it now exists, is charged with the responsibility of confining salt water so as not to allow it to flow over the surface, and his knowledge as to whether it does escape or his negligence in allowing it to escape is not a factor. Devonian Oil Co. v. Smith, supra; Comanche Drilling Co. v. Shamrock Oil Co., 122 Okla. 253, 254 Pac. 20.

It is further contended that the trial court erred in admitting the testimony of witnesses as to the value of the cattle damaged at the time of the injury without fixing the place as to the values testified to, contending for the rule that the measure of damages for destruction of property is the reasonable market value at the time and place of its destruction. No doubt this is the correct rule, but there was no dispute as to the location of this property at the time of the injury complained of, and from the entire record we can reach no other conclusion but that the witnesses testifying as to the value of the cattle intended, even if they did not specifically say so, to fix their value at the time and at the place they were injured. From the record we conclude that the jury could not possibly have misunderstood the evidence of the witnesses in that respect, and even if we should consider the failure to fix the place as error, at most it must be considered harmless error. Empire Gas & Fuel Co. v. Denning, 128 Okla. 145, 261 Pac. 929.

Counsel for defendant in error, however, contend that under the third paragraph of the syllabus in Wichita Falls & N. W. Ry. Co. v. Gant, 56 Okla. 727, 156 Pac. 672, it is not error at all. From the whole record we conclude that there is no reversible error, and the judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 40 C. J. p. 1135, §776. (2) 38 Cyc. pp. 1598, 1778. (3) 4 C. J. p. 969, §2952; p. 1004, §2986; p. 1029. §3013.