## GREIS, Trustee, et al. v. MITCHELL.

No. 28831.  May 16, 1939.

W. F. Semple, H. F. Aby, and S. A. Denyer, plaintiff in error.

Grace Arnold, defendant in error.

DAVISON, J. This action for damages to livestock and growing crops alleged to have been caused by the wrongful release of salt water in connection with the production of oil, was commenced in the superior court of Creek county on April 30, 1937, by Ed Mitchell, as plaintiff, against H. N. Greis, as trustee for the Deep Rock Oil Corporation, and the Acidoil Company, a corporation, as defendants. The plaintiff sought to recover $367.

In their answer, the defendants denied generally and specially the allegations of plaintiff's petition. Upon the issues thus framed, the cause was tried to a jury, resulting in a verdict for the full amount of plaintiff's demand, and judgment was rendered thereon. Upon presentation of defendants' motion for a new trial, the court directed a remittitur in the sum of $28. Plaintiff's recovery was thus reduced to $339. The motion for a new trial was overruled, and the defendants appeal, appearing herein as plaintiffs in error. Further reference to the parties will accord with their trial court designation.

The $28 eliminated by the trial court is identified as the amount claimed by plaintiff for damages to crops. The evidence was insufficient to support this item. No question is presented in connection with the propriety of directing the remittitur nor the form of the order authorizing the same. The issues in this appeal are thus narrowed by elimination.

In the trial of the cause, the defendant challenged the sufficiency of the evidence to justify plaintiff's recovery by a motion for a directed verdict at the close of the testimony. The motion was overruled and the ruling is asserted to constitute error.

The defendants assert that the evidence was insufficient in that it failed to show that "the polluted water was the proximate cause of the death or injury to" the livestock. While in other respects the sufficiency of the evidence is not specifically challenged, we deem it appropriate to briefly allude to facts established thereby, in order

that a comprehensive picture of the situation involved may be reflected herein.

During the period of time involved in this controversy the plaintiff occupied, as an agricultural tenant, 240 acres of land in Creek county, a portion of which was devoted to pasture. The pasture was traversed by a natural watercourse or creek, where water was accessible to the plaintiff's stock. Plaintiff kept about 40 head of stock, mostly cattle, in the pasture.

The defendants operated producing oil wells on the land occupied by the plaintiff and lands adjacent thereto. The wells were in the area which drained into the creek. The evidence supports the view that salt water escaped or was released from the wells or pits or ponds into which it flowed and polluted the water in the creek running through the pasture. Although there was no definite evidence as to the salt content, a veterinarian who tested polluted water by taste testified that the water, if used by stock for drinking purposes, would kill them. He also described the symptoms or effect of salt water upon stock.

Several head of the plaintiff's stock died. The symptoms attending their death, as described by the plaintiff, corresponded substantially to the symptoms of salt water poisoning as described by the veterinarian.

It is also argued that similar symptoms accompany the death of cattle when caused by starvation or malnutrition; however, the possibility that this was the cause of plaintiff's loss is negatived by his testimony that the cattle were well fed.

In connection with the described symptoms the defendants stress an asserted inconsistency. The testimony of the veterinarians in the record indicates that cattle become emaciated when affected by salt water. The plaintiff stated as a witness that those of his cattle which died were swollen and bloated immediately preceding their death. The jury probably perceived no fatal inconsistency in the two statements. We do not understand that an emaciated cow cannot become "bloated" as the term was used by the plaintiff, as an inspection of his complete testimony shows that he also said his cattle were emaciated. There is also testimony in the record that fresh and unpolluted water was available in the pasture for drinking purposes.

The fact situation here reviewed is in all important aspects (except the availability of fresh water) identical with the situation presented to this court in Helmerick & Payne, Inc., v. Green, 183 Okla. 164, 80 P.2d 573, wherein we denied a challenge to the sufficiency of the evidence predicated upon the same ground as herein presented. In that case we said:

"* * * There was no direct testimony that the cattle died as a result of drinking from the stream. But considering all of the evidence pertaining to the death of the cattle adduced on behalf of plaintiff, we think there was competent evidence from which the jury could infer that the cattle died as a result of drinking from the stream polluted by defendant."

And in Phillips Petroleum Co. v. Bartmess, 181 Okla. 501, 76 P.2d 352, with reference to a similar situation, where, as in this case, fresh water was available in the pasture, we said:

"It is true that there is no direct evidence that plaintiff's cattle drank salt water. No witness testified that he saw any of the cattle drinking from the pools or small stream into which the salt water escaping from defendant's salt water pond flowed. But there was evidence of circumstances which strongly indicated that the cattle did drink the salt water."

Upon authority of the cited cases, defendants' contentions as to the sufficiency of the evidence cannot be sustained.

The case of Midco Oil Corporation et al. v. Hull, 182 Okla. 21, 75 P.2d 1126, which is relied upon by the defendants, is not in point. It does not involve the precise question here presented. The question there was the sufficiency of the proof to establish the existence of pollution at the time of the injury.

The defendants also urge that prejudicial error was committed in the admission of testimony offered by the plaintiff.

The record reveals that the first portion of testimony complained of was offered in an effort to show damages to the plaintiff's crops. The trial court admitted the evidence, but later eliminated from the judgment the item of damages which it was introduced to prove, by directing a remittitur. Under the circumstances, no error can be predicated on the admission. We agree that the evidence which related to the method of handling pipe on land which might have been used by plaintiff had no relation to damages to his livestock. However, we do not believe that it could have influenced the jury on that feature of the case. It might have caused them to allow the $28 item for damages to crops, but that feature of the case is eliminated.

138

Complaint is also made of the admission of an identified bottle of salt water from the creek because the degree of salt therein was not definitely shown. The complaint goes to the probative force of the evidence, which was for the jury, and not to the admissibility thereof, which would have presented a question of law for the court. We apprehend that a veterinarian familiar with salt water and its effect on stock can by taste determine with a reasonable degree of certainty whether the water is sufficiently saturated to cause injury or death to stock. Testimony to that effect was presented in this case.

The defendants also complain of the failure of the trial court to give a requested instruction advising the jury that the burden was on the plaintiff to prove that his stock did not die from other causes. The defendants' requested instruction did not accurately state the law with reference to the burden resting on the plaintiff and was therefore properly refused. Stagner v. Files, 182 Okla. 475, 78 P.2d 418. The burden was on the plaintiff to prove that his stock died from salt water poisoning. The jury was so instructed.

Since the plaintiff relied upon circumstantial evidence to establish the cause of death, and since the question was one of fact, the burden was on the plaintiff to establish circumstances such as to render the fact sought to be established more probable than one or more other conclusions which would be inconsistent with liability. Wigmore on Evidence (2d Ed.) vol. 1, page 253; Phillips Petroleum Co. et al. v. Davis et al., 182 Okla. 397, 77 P.2d 1147.

The proof of the plaintiff sustains this burden. It was unnecessary for him to assume a greater burden. The trial court did not err in refusing to thrust the greater burden on him by giving the defendants' requested instruction.

General complaint is also made of the entire group of instructions given by the trial court. We have examined said instructions and are unable to perceive any prejudicial error therein.

The decision of the trial court is affirmed.

WELCH, V. C. J., and OSBORN, GIBSON, and HURST, JJ., concur.