## GRAND RIVER DAM AUTHORITY v. VICTOR et al.

No. 29927.   June 17, 1941.

*114 P. 2d 465.*

R. L. Davidson, Jesse L. Ballard, Q. B. Boydstun, and Gayle M. Pickens, all of Vinita, for plaintiff in error.

Frank Nesbitt and Nelle Nesbitt, both of Miami, for defendants in error.

CORN, V. C. J.   This is an appeal by the Grand River Dam Authority from a judgment rendered by the district court of Ottawa county in condemnation proceedings, wherein the appellant complains that the award of damages to the owners of the land is excessive. The parties are referred to herein as plaintiff and defendants, as they appeared in the trial court.

The action involves the taking of 535.09 acres from a 902-acre tract, leaving 366.91 acres to the defendants. The jury, before returning the verdict, went out and inspected the premises and awarded the defendants the sum of $49,643 for the land taken and for damages to the remainder of the tract, including damages to growing crops. It appears that the amount fixed by the jury is only $875.55 more than the amount fixed by the commissioners appointed by the court.

It is contended by the plaintiff that the trial court erred in refusing and omitting to instruct the jury that the value of the land to the condemnor and the necessities of said condemnor to acquire said land could not be considered as an element of damage to the landowner.

The plaintiff submitted a requested instruction embodying the above proposition, but the same was refused by the court. However, it appears that the same proposition is covered by certain instructions given by the court. The court's instruction No. 11 is as follows:

"You have a solemn duty to perform in this case. You must be fair and impartial to both the Authority and the landowners. The landowners are only entitled to the fair market value of their property and are not entitled to any benefit, enhancement or increase in the value of their property due to the construction or proposed construction of the Grand River Dam project, and such owners must not suffer any loss by reason of any depreciation in the fair market value of their land due to the construction or proposed construction of the Grand River Dam project. The owners are entitled to compensation in

"the same manner and to the same extent as if the Grand River Dam project had never been proposed or constructed."

The court defined what is meant by "fair market value" as follows:

"The terms 'market value,' and 'fair cash value,' and 'value,' as the same are used throughout these instructions, is meant the amount of money which a purchaser willing, but not obligated to buy the property, would pay to an owner willing, but not obligated to sell it."

The court further instructed the jury as follows:

"You should give consideration to all facts and circumstances which would be substantially weighed by a prospective purchaser, if the owner was offering the property for sale, in determining its value. But you must not consider any sentimental interest the owners have in the property, or base damages on conjecture, speculation or surmise. In considering facts and circumstances which affect the value they should only be considered and given weight to the extent that they actually affect the market value of the land that is taken, or that portion of the land that is not taken."

It is not error for the trial court to refuse to give an instruction if practically the same proposition of law is covered by the court in other instructions to the jury. Black v. Warren, 178 Okla. 216, 62 P. 2d 88; Rowland v. Morgan, 178 Okla. 600, 63 P. 2d 712; Meiling v. Michael, 182 Okla. 508, 78 P. 2d 704; Safe-Way Cab Service Co. v. Gadberry, 180 Okla. 51, 67 P. 2d 434; Oklahoma Natural Gas Co. v. Courtney, 182 Okla. 582, 79 P. 2d 235; Garrett v. Haworth, 183 Okla. 569; 83 P. 2d 822; Dierksen v. Hollingworth, 184 Okla. 611, 89 P. 2d 358.

Nor is it error for the court to refuse to instruct the jury in negative form when it has already instructed them in the affirmative form. Doody v. Calif. Woolen Mills Co. (Mo.) 216 S. W. 531; Martin v. City of Columbus, 93 Kan. 79, 143 P. 421; Pacific Mutual Life Ins. Co. v. Smith, 166 Ark. 403, 266 S. W. 279; Kalberer v. Wilmore, 65 Colo. 411, 177 P. 147; Sparta Produce Exch. v. Wilson & Co., 223 Ill. App. 126.

The plaintiff also contends that there was no evidence to sustain the amount of the verdict.

The evidence shows that the 902-acre tract of land is about two miles west of the town of Wyandotte in Ottawa county, and is bounded on the north and east by the Neosho river, and on the east and south by the Grand river. Most of this is choice first and second bottom land and is highly productive. About 835 acres is in cultivation and 35 acres in pasture and the remainder is used as location for five separate sets of improvements. The land is traversed by a paved highway, the same being U. S. Highway No. 60. Disinterested witnesses evaluated the whole tract at figures ranging from $75 to $100 per acre. After the taking of the 535.09 by the plaintiff, the remaining 366.91 acres left to the owners consists of two tracts of irregular shape, the larger of which is referred to as the "mainland" and consists of 279.41 acres, and the smaller crescent shaped tract is referred to as the "island" and consists of 87.5 acres. The witnesses valued the mainland at from $25 to $40 per acre and the island at from $10 to $25 per acre.

As we view the record in this case, the verdict is sufficiently supported by the evidence, and the judgment upon the verdict is affirmed.

WELCH, C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.