LESLIE et al. v. HAMMER et ux.

No. 31507. Oct. 10, 1944.

Rehearing Denied Nov. 21, 1944.

*153 P. 2d 101.*

E. F. Maley, of Okmulgee, for plaintiffs in error.

W. H. Ratterree, of Okemah, and E. W. Smith, of Henryetta, for defendants in error.

PER CURIAM. This action was instituted by the defendants in error, hereinafter referred to as plaitniffs, against the plaintiffs in error, hereinafter referred to as defendants, to recover damages for injury alleged to have been caused to livestock and land by salt water. The claim for damages to the land was abandoned and trial was had to a jury upon the claim of damage to livestock, and resulted in a verdict in favor of plaintiffs in which their recovery was assessed at the sum of $250. The defendants have perfected this appeal and as grounds for reversal urge, in substance, that the evidence is insufficient to establish a causal connection between the alleged wrongful act and the injury to plaintiffs' livestock, and that a deposition was improperly admitted in evidence, and that the court failed to instruct the jury properly upon the vital issue involved and erred in refusal to give a requested instruction and in giving a certain instruction.

The wrongful act of the defendants was alleged to consist in failure to keep salt water safely impounded and letting the same escape into a pasture where plaintiffs kept their livestock and injury to livestock by drinking said salt water. The evidence adduced at the trial was not in substantial conflict and disclosed, in substance, that the salt water pond of the defendants had broken during a heavy rain and discharged its contents into a natural watercourse which flowed through the pasture of the plaintiffs; that shortly thereafter plaintiffs' cattle became sick and refused to eat; that the water discharged into the pasture of plaintiffs was salty but the degree of salt saturation was not established. The evidence further showed that after salt water had escaped from defendants' premises on to that of the plaintiffs, the cattle of plaintiffs became sick, and that the veterinarian who was called to examine them diagnosed their condition as due to drinking salt water. No witness testified to seeing the cattle drink any of the water. One of the witnesses testified that the salt water which had escaped from defendants' pond was the only salt water to which the cattle had access although there was another salt water stream flowing through the lands of the plaintiffs.

The defendants contend that the fore-

going evidence is insufficient to show any wrongful act on their part. The basis for the contention so made is that they did not willfully discharge salt water from their premises and that it escaped by reason of a flood which broke the retaining walls of the pond in which they had impounded said salt water. Defendants urge that under these circumstances there was no causal connection between the injury sustained by plaintiffs' cattle and any wrong of which defendants may have been guilty. In support of the contention so made our attention is directed to Shell Petroleum Corp. v. Voss, 190 Okla. 675, 126 P. 2d 540; Shell Petroleum Corp v. Worley, 185 Okla. 265, 91 P. 2d 679; Phillips Pet. Corp. v. Davis, 182 Okla. 397, 77 P. 2d 1147; Midco Oil Corp. v. Hull, 182 Okla. 21, 75 P. 2d 1126; Pine v. Bowles, 179 Okla. 604, 66 P. 2d 1077. An examination of the above-cited cases will reveal that they are authority for the rule that. causal connection between wrong and injury is essential to recovery in actions based on tort, and that where there is a total absence of evidence together with inferences which may be drawn therefrom to establish connection between the wrong and the injury, the proximate cause becomes a matter of law for the court. The rule announced in the authorities cited is sound and we adhere thereto, but it has no application to the facts involved in the case at bar. The gravamen of plaintiffs' action was recovery for injury done by salt water which the defendants had failed to keep safely impounded upon their premises as they were required to do. 52 O. S. 1941 §296. As said in the case of Texas Co. v. Mosshammer, 175 Okla. 202, 51 P. 2d 757:

"Since the adoption of the Revised Laws of 1910, this statute has been treated as a penal statute and also as a remedy for the benefit of all persons who may suffer injury by violation of its terms. Since the law positively requires that all waste oil and refuse from tanks or oil wells shall be drained into proper receptacles and be immediately burned or transported from the premises and in no case shall the same or salt water be permitted to flow over the land, it has been repeatedly held that a failure to perform the duty thus enjoined upon the operator of an oil well is negligence per se, and no other negligence need be pleaded or proved. Knupp Oil Corp. et al. v. Lohman, 129 Okla. 288, 264 P. 824; Comanche Drilling Co. v. Shamrock Oil & Gas Co., 122 Okla. 253, 254 P. 20; Owen-Osage Oil & Gas Co. v. Long, 104 Okla. 242, 231 P. 296; Devonian Oil Corporation v. Hurt, 169 Okla. 114, 36 P. 2d 24."

The evidence discloses beyond peradventure of a doubt that the salt water had escaped from the premises of the defendants and had flowed across the lands of the plaintiffs, and there was evidence to the effect that plaintiffs' cattle had been injured by drinking salt water, and evidence from which the jury could infer that the injury had been caused by the salt water which had escaped from the defendants' premises. This was sufficient to raise an issue of fact as to whether the escape of the salt water from defendants' premises into the pasture of the plaintiffs was the proximate cause of the injury to plaintiffs' cattle. See Atlantic Refining Co. v. Fulsom, 185 Okla. 357, 91 P. 2d 758; Greis, Trustee, v. Mitchell, 185 Okla. 136, 90 P. 2d 894; Helmerich & Payne v. Green, 183 Okla. 164, 80 P. 2d 573; Phillips Pet. Co. v. Bartmess, 181 Okla. 501, 76 P. 2d 352.

The evidence of plaintiff, considered in the light of the rule announced in the above-cited cases, was, in our opinion, sufficient to raise an issue of fact upon the question of proximate cause to be determined by the jury.

The defendants next contend that the deposition of a former employee of theirs should have been suppressed for the reason that it was taken before a deputy court clerk. The deposition was taken at the time and place stated in the notice and the defendants were present at the taking thereof and made no objection to the taking of the same before the deputy court clerk, but filed a motion to suppress after the same was filed with the court clerk where the cause was pending. The statute,

12 O. S. 1941 §435, authorizes the taking of depositions before a court clerk. The taking of a deposition is a ministerial and not a judicial act. 8 R.C.L. 1143. 19 O. S. 1941 §149 authorizes deputy court clerks to perform the ministerial acts which the court clerk may be called upon to perform. See, also, Tegeler v. State, 9 Okla. Cr. 138, 130 P. 1164; Reed v. Territory, 1 Okla. Cr. 481, 98 P. 583, 129 Am. St. Rep. 861. The deposition, while taken before the deputy court clerk, was, in effect, taken before the court clerk who was authorized by statute, supra, to take the same, and the contention of the defendants to the contrary is untenable.

The defendants' next contention, that their requested instruction No. 4, to the effect that if the cattle of plaintiffs had been injured by salt water from sources other than that which had escaped from the defendants' premises, should have been given, is not well taken for the reason that the court gave substantially the instruction as requested in its instruction No. 8 to the jury. The theory of defendants was adequately covered by the aforesaid instruction as well as the instructions as a whole, and this was all that was necessary. Grand River Dam Authority v. Victor, 189 Okla. 162, 114 P. 2d 465.

The final contention of the defendants is that the court erred in refusal to give requested instruction No. 7 and in giving instruction No. 13. The instruction requested would have had the court advise the jury, in substance, that the defendants could impound salt water on their premises, and if it escaped by reason of heavy rainfall, that they would not be responsible for the consequences. The instruction so requested was erroneous as a matter of law. It was the duty of defendants to keep their salt water confined on their premises and to guard against anything short of what is sometimes described as an act of God. See Walton v. Bryan, 188 Okla. 358, 109 P. 2d 489. The vice in instruction No. 13 is said to consist in quoting the language of the statute, supra. Defendants contend that the statute does not apply to the facts in this case. We are unable to agree with this contention. The gravamen of plaintiffs' action as heretofore stated was injury resulting from violation of the statute, and the court in the instruction involved advised the jury that before the plaintiffs could recover thereunder, they must prove and establish by a preponderance of evidence that the defendants had permitted salt water to escape from their lease and to flow over the lands of plaintiffs. The instruction so modified was not erroneous.

From a review of the entire record it appears that the cause was fairly tried upon conflicting evidence and upon instructions which were fundamentally correct, and that no reversible error is presented.

Judgment affirmed.

OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.