MALEY et al. v. HENLEY.

No. 30919. Dec. 12, 1944.

Rehearing Denied Jan. 23, 1945.

*154 P. 2d 970.*

E. F. Maley, of Okmulgee, for plaintiffs in error.

Dwight Tolle, of Okemah, for defendant in error.

OSBORN, J. This action was instituted by P. O. Henley, hereinafter referred to as plaintiff, in the superior court of Okmulgee county, against E. F. Maley and S. B. Leslie, hereinafter referred to as defendants, to recover damages to livestock and land owned by plaintiff alleged to have been caused by salt water which had been permitted to escape from a salt water pond constructed upon the leasehold operated by the defendants.

Plaintiff is the owner of a 40-acre tract of land in Okmulgee county. Defendants operate certain oil wells upon adjacent property. The plaintiff alleged, in substance, that the salt water had been permitted to escape in July and November, 1940, into a ravine, a natural watercourse, which traversed the land of plaintiff, and that certain of his cattle and hogs drank the salt water and thereby became damaged and depreciated in value in the total amount of $220, and had injured the land to the extent of $400, and had necessitated the expenditure of $100 in the building of water ponds, and that plaintiff had incurred expense of $50 for hauling water, and asked for judgment in these amounts. The defendants denied that any salt water or oil refuse from their leasehold was emptied into the watercourse making it unfit for watering stock, and denied that salt water from their lease damaged or injured the livestock of plaintiff, and that if the livestock was damaged, such damage was caused by negligence of the plaintiff. The defendants further deny that the land of plaintiff was permanently injured by any negligent act on their part.

The defendants demurred to the evidence and moved for a directed verdict at the close of all the evidence, both of which were overruled and exceptions saved. The jury returned a verdict for the plaintiff for $300, and a judgment was rendered thereon, from which the defendants have appealed.

The defendants first contend that the evidence as a whole, together with inferences to be drawn therefrom, was not sufficient to show a causal connection between the alleged wrongful act of the defendants and the plaintiff's in-

jury, and therefore the court erred in overruling the demurrer to the evidence and the motion for a directed verdict, citing Shell Petroleum Co. v. Worley, 185 Okla. 265, 91 P. 2d 679; Champlin Refining Co. v. Smith, 190 Okla. 287, 123 P. 2d 253; Prest-O-Lite Co. v. Howery, 169 Okla. 408, 37 P. 2d 303.

The plaintiff admits the correctness of the rule established by these cases, but contends that it has no application here, because there was competent evidence reasonably tending to establish the plaintiff's cause of action alleged in the petition and supporting the verdict, citing in support thereof, Helmerich & Payne, Inc., v. Green, 183 Okla. 164, 80 P. 2d 573; Greis, Trustee, et al. v. Mitchell, 185 Okla. 136, 90 P. 2d 894; Phillips Petroleum Co. v. Bartmess, 181 Okla. 501, 76 P. 2d 352.

From an examination of the evidence we find that it was definitely shown that a pond 40 or 50 feet square with a three- or four-foot dam was located upon the leasehold of the defendants for the purpose of holding the salt water produced from the producing wells upon the defendants' leasehold; that the natural water drain was from defendants' land to and across the plaintiff's land; that in July and November, 1940, flood water broke the dam and the water escaped through the creek traversing the plaintiff's land, and that after these floods the water settled in holes along the creek bed and was salty; that plaintiff's livestock had access to and had been seen around the creek, but no one saw them drink from the creek. The plaintiff testified that his livestock became sick and emaciated, and as to the fair market value of the livestock immediately before their sickness and immediately after, and from such testimony it may be determined that the total loss in value as to the livestock was $220, the amount sued for. There was no proof as to the amount of salt contained in the water, but a veterinarian testified that in his opinion salt water caused the sickness of the livestock. The veterinarian who testified for the defendants said that salt water would cause the same symptoms as described by the plaintiff, but that such condition would only be temporary and would not cause the livestock to continue to lose weight, unless they continued to drink the salt water and that they would eventually die. This was a disputed question of fact for the jury's determination.

As to the damage to the land, the plaintiff testified over objections that the land was worth $1,000 before the flood and in his opinion it had been depreciated in value by one-half. A neighbor of plaintiff testified that he knew the value of real estate in that community, and that in his opinion the land was worth $25 per acre before the flood and $15 per acre after the flood, to which no objection was made by defendants. The plaintiff testified further that he and his son worked "around 10 or 20 days" building the ponds.

In Wichita Falls & N.W. Ry. Co. v. McAlary, 44 Okla. 326, 144 P. 583, we held:

"The question of opinion evidence as to the value of farm property does not ordinarily involve a question of science or skill upon which only an expert possessed of technical training can speak. But ordinarily, where the value of farming lands is an issue, intelligent persons living in the vicinity of the property involved who are acquainted with the market value of similar property in the locality, and of the particular property in question, may give their opinion as to its value."

The evidence proves beyond a doubt that the water in the pond contained salt and had escaped from the premises of defendants and flowed across the land of the plaintiff. There was evidence to the effect that plaintiff's livestock had been injured by drinking salt water and evidence from which the jury could infer that the injury had been caused, both to the livestock and to the land, by the salt water which had escaped from the defendants' premises.

After having examined the entire record we cannot say that the evidence as

a whole, together with all inferences to be drawn therefrom, was not sufficient to show a causal connection between the alleged wrongful acts of defendants and plaintiff's injury, and from such examination we determine and hold that there is competent evidence to support the verdict, and the court did not err in overruling the demurrer to the evidence and the motion for a directed verdict.

What we have said under the foregoing proposition likewise applies to defendants' second and third propositions, that there was no evidence as to the injurious character of the water and no evidence as to the damage caused to the land.

Under the defendants' fourth, fifth, and sixth propositions, the court's instructions are attacked and the refusal of the court to give a requested instruction is cited as error. We have examined the instructions and hold that the court did not err in giving the instructions which in substance embodied the instruction requested by defendants. Grand River Dam Authority v. Victor et al., 189 Okla. 162, 114 P. 2d 465.

The last contention of defendants is that it is reasonable to assume that if plaintiff's injury was caused by salt water, the same was obtained from sources other than defendants' leasehold. There is no evidence to sustain such conclusion. The defendants rely on the testimony of a witness who said he saw cow tracks at a stream containing salt water, but when asked whose cows made the tracks he stated he did not know. As to where the cattle got the salt water was a question of fact for the jury and there is sufficient evidence to sustain its finding.

Affirmed.

GIBSON, V.C.J., dissents.