## THE TEXAS CO. v. BELVIN.

No. 35257.  Dec. 16, 1952.

*251 P. 2d 804.*

Yates A. Land and Phillip R. Wimbish, Tulsa, and Hamilton & Kane, Pawhuska, for plaintiff in error.

Frank T. McCoy, John T. Craig, and John R. Pearson, Pawhuska, for defendant in error.

CORN, J.  This action was filed by Jacqueline Belvin, hereinafter called plaintiff, who recovered a judgment for damages to livestock against The Texas Company, a corporation, hereinafter referred to as defendant.

Plaintiff is the owner of the surface rights in certain lands on which the defendant is producing oil. She testified that on or about June 28, 1950, she examined defendant's oil well No. 10; that she found that there had been rods and

tubing pulled from the well; that the oil had run from the well and the oil from the tubing and rods had run down a drain; that there was water and oil in the drain and water and oil in pools where cattle drank out of the branch; that oil had run down from the well and the power house with a pump just west of the well; that she found cattle tracks around the pools; that Mr. Van Hambright, production foreman for the defendant, told her that for two weeks the well had been producing salt water and that they were going to try one more time to get the well to produce oil and if it didn't the well would be abandoned.

John Lucas, a retired driller, testified that he found oil and water in pools near the branch in the location of the well coming from the well and the pump west of the power house.

The defendant introduced the testimony of three witnesses to establish that this well was shut down on June 13, 1950, and thereafter the tubing was pulled on July 31, 1950, and the well abandoned. The testimony of these witnesses tended to disclose that no salt water or oil was allowed to escape from this well. At the conclusion of the testimony defendant demurred to the evidence and asked the court to instruct the jury to return a verdict for the defendant.

It is first argued that the court erred in refusing to sustain the demurrer to the evidence and to direct a verdict for defendant. Defendant cites Pure Oil Co. v. Gear, 183 Okla. 489, 83 P. 2d 389; Indian Territory Illuminating Oil Co. v. Henning, 179 Okla. 462, 66 P. 2d 83; and Mid-Continent Petroleum Corp. et al. v. Rhodes, 205 Okla. 651, 240 P. 2d 95. These cases each hold that there was no evidence of the escape of any oil or salt water. In 52 O.S. 1951 §296, it is provided that no operator of oil wells shall allow any salt water or oil to escape and flow across the lands.

In Leslie et al. v. Hammer et ux., 194 Okla. 535, 153 P. 2d 101, it is stated.

"* * * The gravamen of plaintiff's action was recovery for injury done by salt water which the defendants had failed to keep safely impounded upon their premises as they were required to do. 52 O.S. 1941 §296. As said in the case of Texas Co. v. Mosshamer, 175 Okla. 202, 51 P. 2d 757: 'Since the adoption of the Revised Laws of 1910, this statute has been treated as a penal statute, and also as a remedy for the benefit of all persons who may suffer injury by violation of its terms. Since the law positively requires that all waste oil and refuse from tanks or oil wells shall be drained into proper receptacles and be immediately burned or transported from the premises and in no case shall the same or salt water be permitted to flow over the land, it has been repeatedly held that a failure to perform the duty thus enjoined upon the operator of an oil well is negligence per se, and no other negligence need be pleaded or proved. Knupp Oil Corp. et al. v. Lohman, 129 Okla. 288, 264 P. 824; Comanche Drilling Co. v. Shamrock Oil & Gas Co., 122 Okla. 253, 254 P. 20; Owen-Osage Oil & Gas Co. v. Long, 104 Okla. 242, 231 P. 296; Devonian Oil Corporation v. Hurt, 169 Okla. 114, 36 P. 2d 24.' "

See, also, Pure Oil Co. v. Chisholm, 181 Okla. 618, 75 P. 2d 464, specifically overruling Marland Oil Co. v. Hubbard, 168 Okla. 518, 34 P. 2d 278, which suggested a contrary rule. The evidence is sufficient to sustain the finding that the defendant allowed oil and salt water to escape within the meaning of the above statute.

It is next argued that the trial court failed to instruct on the issues presented by the pleadings and the evidence. This allegation of error is based upon the fact that during the opening statement the attorney for plaintiff stated that plaintiff expected to prove defendant pulled the rods and the tubing in the well and dumped salt water and oil on the premises; that defendant allowed lubricating oil to escape from the pump operated in connection with the power house. It was not the duty of plaintiff to establish how the oil and salt water got on the premises. It was

551

sufficient to establish that it got on the premises from the wells of defendant. This was done. Van Hambright, foreman, testified that he went to the home of plaintiff and investigated the condition of the premises. He promised to clean the place up and the cattle were removed from the pasture in which the well was located and placed in another pasture. Plaintiff then notified him that she was ready to return the cattle to the pasture whereupon he cleaned up the premises and inquired of her whether the job was satisfactory. She agreed that the premises were in a satisfactory condition and returned the cattle to the pasture. This is evidence of the fact that oil and salt water had escaped from the well and that it was necessary to remedy the situation.

Defendant has cited a number of cases which announce the rule that it was the duty of the court to instruct the jury on the theory of the case. Plaintiff's theory of the case was that the oil and salt water escaped from the well. The court instructed on this theory. Defendant asserts that the plaintiff changed theories and that this could not be done; that plaintiff was bound to establish that a whole lot of oil was dumped from the rods and tubing. With this contention we cannot agree. The cases cited by defendant do not support any such rule. They are authority for the rule that when a case is presented and tried on one theory the case cannot be presented on appeal on another theory. See Herbert v. Wagg, 27 Okla. 674, 117 P. 209; Pine Belt Lumber Co. v. Riggs, 80 Okla. 28, 193 P. 990.

Defendant also argues that since it introduced record evidence to establish that the well was shut down June 13, 1950, and rods pulled and the tubing taken out on July 31, 1950, the oral evidence of plaintiff that oil and salt water was there June 28th is of no value. We cannot agree with this contention. This was purely a question of fact to be determined by the jury.

Defendant argues that it was the duty of the trial court to instruct the jury that if lubricating oil or refined oil escaped from the pump of the power house west of the well, before defendant could be charged with any liability it had to be shown that defendant was negligent in failing to care for the premises. In support of this contention defendant cites Johnson Oil Refining Co. v. Carnes et al., 174 Okla. 599, 51 P. 2d 811. Assuming that such is the holding of the above case it would not be applicable herein. Defendant is not operating a refinery on the premises. There is no statement in the record of any witness that defendant while operating a refinery allowed oil to escape or gather in pools. The defendant offered the only evidence that any lubricating or refined oil escaped from any source and that evidence disclosed no damage therefrom. The trial court did not err in refusing an instruction on this issue.

Finally, we consider the alleged error of the trial court in refusing to allow the defendant to cross-examine an expert witness who testified as to the damage to the livestock occasioned by drinking of oil and salt water. Defendant's question was whether or not livestock would be damaged by drinking refined oil. We find no error in this respect. What has been said above with reference to the testimony as to refined oil disposes of this issue.

Finding no error in the trial of the case requiring a reversal the judgment is affirmed.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.