PHILLIPS PETROLEUM CO. et al.
v. SHEEL.

No. 35585. April 28, 1953.

*256 P. 2d 815.*

Covington & Donovan, Tulsa, Hamilton & Kane, Pawhuska, and Rayburn L. Foster, Harry D. Turner, and D. E. Hodges, Bartlesville, for plaintiffs in error.

Frank T. McCoy, John T. Craig, and Robert P. Kelley, Pawhuska, for defendant in error.

DAVISON, J. George Sheel, as plaintiff, brought this action against the defendants, Phillips Petroleum Company, a corporation, and V. W. Edmondson, seeking recovery for the loss of cattle resulting from defendants allowing salt water to escape from their oil well operation and run over the surface of the land in violation of 52 O. S. 1941 §296. The parties will be referred to as they appeared in the trial court, being inversely to their appearance here.

The plaintiff owned the surface of a quarter section of land in Osage county, Oklahoma, on which he pastured cattle. The corporate defendant held an oil and gas lease thereon from the Osage Indian Tribe, and was pumping oil from a well on the premises. The individual defendant was employed as pumper. The oil well was near the eastern border of the tract about 125 yards north of the southern border. A short distance west of the oil well, there was a salt water disposal well where salt water was pumped back into the ground. From the salt water well toward the south there was a slight down grade and an old road, which also was a draw or drain, ran from it to a water hole near the southeast corner of the pasture. Plaintiff testified that the water hole varied from 10 to 30 feet in length and was some 10 feet wide at the widest part. There was shade in that part of pasture and the cattle would stand around in the locality and drink from the water hole. During the summer of 1950, the plaintiff had a herd of some 75 to 100 head of Durham and Hereford cattle on the pasture. In the latter part of July, some six head of the cattle stopped gaining weight and started looking like something was wrong with them. Plaintiff testified that he sold them at a loss of some $435. About the first part of October of the same year, other cattle were in bad condition and he started investigating the cause of their decline. He had noticed the cattle drinking from the little pond so he tasted the water and it was salty. He made an investigation and found that the pump at the salt water well was leaking badly and that the ground was muddy around it for about ten feet. There was no vegetation from the water hole on up to the pump and the ground was white with the salt which had dried out.

He called a veterinarian, having noticed the cattel drinking from the pond during the summer. On October 17th the doctor came out and made an inspection and examination of the locality and of the cattle. From that examination and the laboratory tests he subsequently made, it was his opinion that the bad condition of the cattle was the result of drinking salt water. Many of plaintiff's cattle had suffered from this salt water, and it became necessary for him to move them to another pasture, losing the use of the pasture where the salt was.

On February 23, 1951, this action was filed, wherein plaintiff sought to recover for the loss sustained. Trial was had to

a jury who returned a verdict for $1,500. Judgment was rendered for plaintiff upon the verdict, and defendants have appealed to this court.

The first proposition urged is that the petition and proof were fatally defective because of failure to allege or prove negligence on the part of defendants. As to the defendant Edmondson, there was no allegation or proof of a duty on his part to keep the salt water pump in repair. The testimony was uncontradicted that Edmondson was employed as pumper in charge of the oil well pump; that he had no duties or responsibilities and performed no services with regard to the salt water pump from which the salt water escaped; that there was no duty on his part to keep said salt water pump in repair. The rule applicable to such a situation was restated in the case of Sanders v. McMichael, 200 Okla. 501, 197 P. 2d 280, wherein it was said:

" * * * When there is an entire failure of the evidence tending to establish this fact (primary negligence), it is error to submit the issue to the jury and the trial court should sustain a demurrer thereto and instruct a verdict for defendant. * * * "

The trial court should have sustained Edmondson's demurrer to the evidence and directed a verdict in his favor.

It is strenuously argued that the instant case presents the same questions and is determined by the recent cases of Mid-Continent Petroleum Corp v. Rhodes, 205 Okla. 651, 240 P. 2d 95, and Phillips Petroleum Co. v. Sheel, 206 Okla. 330, 243 P. 2d 726. In the Rhodes case, "there was no evidence that defendants allowed salt watr to 'escape' from a confinement and beyond the drilling site and 'to flow over the surface of the land' as would constitute a violation of 52 O.S. 1941 §296." In the Sheel case, damage by salt water was in nowise involved nor did the case have any connection with the provisions of the above statute. Negligence, in its generally accepted meaning, was the foundation upon which both of the reported cases rested. Being so, it is elemental that it had to be alleged and proved. The gist of the case at bar was the violation of the penal statute.

"52 O.S. 1941 §296 is a penal statute and a violation thereof resulting in an injury to another constitutes actionable negligence." Texas Co. v. Belvin, 207 Okla. 549, 251 P. 2d 804.

In the case of Leslie v. Hammer, 194 Okla. 535, 153 P. 2d 101, it was said:

"* * * The gravamen of plaintiffs' action was recovery for injury done by salt water which the defendants had failed to keep safely impounded upon their premises as they were required to do. 52 O.S. 1941 §296. As said in the case of Texas Co. v. Mosshammer, 175 Okla. 202, 51 P. 2d 757, 758: 'Since the adoption of the Revised Laws of 1910, this statute has been treated as a penal statute and also as a remedy for the benefit of all persons who may suffer injury by violation of its terms. Since the law positively requires that all waste oil and refuse from tanks or wells shall be drained into proper receptacles and be immediately burned or transported from the premises and in no case shall the same or salt water be permitted to flow over the land, it has been repeatedly held that a failure to perform the duty thus enjoined upon the operator of an oil well is negligence per se, and no other negligence need be pleaded or proved.* * * ' "

We see no reason to depart from that well established rule.

The next contention is that the evidence was too speculative to support the verdict and judgment. With this we do not agree. The testimony is in conflict on many points, but several conclusions are inevitable. They are: That salt water had escaped from defendants' salt water pump in sufficient quantity to make the ground very muddy for a distance of ten feet all around; that there was dried brine on the ground following the little drain down from the salt water pump to the water hole; that cattle had drunk from that pond; that the water in it was salty; that

there was a saline deposit around the bodily orifices of the cattle; that the cattle had depreciated materially in value and that such deterioration in the cattle was the ordinary result of drinking salt water. The case here presented is in many respects similar to that of Maley v. Henly, 195 Okla. 51, 154 P. 2d 970, wherein it was held that with such evidence the matter resolved itself into a fact question for determination by the jury. The same reasoning applies here.

The last proposition is that the jury should have been instructed on the extent of defendants' duty to plaintiff's cattle as trespassers when within a reasonable distance of defendants' operations. The argument is founded upon the same false premise as was the first contention, i. e.: that the action is one for damages resulting from negligence generally, rather than from the violation of a positive statutory provision. It has been disposed of by the discussion hereinabove.

As to the defendant Edmondson, the judgment is reversed; as to the defendant Phillips Petroleum Company, it is affirmed.

HALLEY, C.J., and WELCH, CORN, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.