**CHAMPLIN REFINING COMPANY, a Corporation, Plaintiff in Error.**

**v.**

**A. L. RAYBURN, Defendant in Error.**

No. 37762.

Supreme Court of Oklahoma.
Feb. 18, 1958.

Rehearing Denied April 1, 1958.

Cund, Garvin & Baucum, Duncan, for plaintiff in error.

DeBois & DeBois, Duncan, for defendant in error.

CORN, Vice Chief Justice.

■ This is an appeal from the District Court of Stephens County where the plaintiff, A. L. Rayburn, recovered a judgment against the defendant, Champlin Refining Company, for damages as a result of the overflow and escape from the defendant's disposal pits of deleterious waste products. The parties will be referred to herein by their trial court designation.

The record discloses that plaintiff was the owner of certain lands described in the petition and amended petition; that the defendant was operating producing oil wells thereon; that its tank battery was located on a hill about 10 feet above the level of the land where the oat crop involved in this action, was located; that it maintained two disposal pits on said hill but same were located three or four feet below the level of said tank battery; that all well machinery used in connection with said wells was upon stilted platform; that in the spring of 1955 plantiff became the owner of the land and the oat crop growing on 50 acres thereof; that the pits aforesaid contained large quantities of deleterious waste products; that on May 19, 1955 the high water from Wild Horse Creek, resulting from heavy rains in the area, overflowed said land, rising above said pits; that as a result the waste oil and other deleterious substances were removed from the pits and disseminated across said land leaving a scum and oil coating on the land which had to be removed, and on the oat crop growing thereon causing some of it to die, and a large portion thereof to be unusable by reason of the oil coating therefrom.

Although it is admitted that the flood water rose above the disposal pits, the

evidence is in conflict as to whether the flood level could have been anticipated and as to the amount of deleterious waste products disseminated and its effect on the oat crop in question.

It appears that the defendant did not question plaintiff's testimony as to the yield of 50 bushels of oats to the acre. The cost of $3.00 per acre to harvest same and the value of .85¢ per bushel were stipulated to. Neither was the cost of removing the deleterious waste from the land, and the necessity of the use, and reasonable cost for use, of brush cutter questioned.

In its petition in error seeking to reverse the verdict of the jury in favor of the plaintiff and, the judgment rendered thereon, defendant sets forth nine alleged errors, however, it presents the same under three propositions.

■ The first contention of the defendant is that the evidence on behalf of plaintiff was insufficient to submit the question of defendant's negligence to the jury, and the court should have sustained the demurrer thereto. With this contention we cannot agree.

52 O.S.1951 § 296 provides in part:

"* * * and all waste of oil and refuse from tanks or wells shall be drained into proper receptacles at a safe distance from the tanks, wells or buildings, and be immediately burned or transported from the premises, and in no case shall it be permitted to flow over the land. * * *"

This section contains no exception. It is mandatory. By its terms the waste oil must forthwith be burned or transported away from the premises. If it remains in the disposal pits, and by flood or otherwise, it is carried therefrom over the premises, the statute being penal in nature, the lease operator is liable for all resultant damages. Franklin Drilling Co. v. Jackson, 202 Okl. 687, 217 P.2d 816, 19 A.L.R.2d 1015. The location of the pits, the type of construction thereof and wheth-

er standard is of no assistance in determining defendant's liability. The question is, was there waste oil and deleterious substances allowed to remain in the disposal pits, and was it permitted to flow over the land.

It was admitted that there was waste oil in the pits, the question of how much was in conflict. It was admitted that the flood waters overflowed the pits and carried the waste oil therefrom, and onto the land; the question of how much and its effect was in conflict.

■ The record before us discloses a violation of the statute. The defendant is liable for the resulting damage without proof of other specific acts of negligence if such violation was a contributing proximate cause thereof. Leslie v. Hammer, 194 Okl. 535, 153 P.2d 101.

■ In view of this statute and the record in this case, although the heavy rainfall, the "Act of God", would, no doubt, be a contributing factor in the dissemination of the waste oil, that would not have the effect of relieving the defendant of liability if damage results. The determining question is was there waste oil and refuse in the pits, and was it disseminated over the crops. The defendant is liable for the resulting damages whether disseminated by an "Act of God" or by its negligence. Leslie v. Hammer, supra. Thus the proximate cause of the damage to the crop was the permitting of waste oil and refuse to remain in the disposal pits in a position to be spread over the crops.

Statutes, penal in nature, are many times harsh in application. Such a statute is a matter of legislative policy. It must be applied by the Court in the manner which is necessary to effectuate the apparent legislative intent.

Since, under the facts, this case falls within the purview of Sec. 296, supra, and since, with the exception of the case of Leslie v. Hammer, supra, the cases cited and relied upon by defendant do not in-

volve the application of Sec. 296, supra, they are without application.

There being competent evidence on the question of the violation of Sec. 296, supra, and that such violation, combined with the heavy rainfall, was the proximate cause of the damage to the crop from which reasonable men might draw different conclusions, the verdict of the jury must stand.

It is next contended that the evidence is insufficient to sustain the judgment in that it failed to prove the necessary elements of the measure of damages. The evidence in this case shows the probable yield of the oat crop, no additional cultivation being required, the probable cost of harvesting, and the cost of cleaning the land of the waste and debris. The measure of damages is the value of the unmatured crops at the time of injury. Krieger v. Marshall, Okl., 292 P.2d 379; Franklin Drilling Co. v. Jackson, supra. The competency and qualifications of the plaintiff, an owner of farm land for many years, to testify as an expert was unquestioned. The testimony as to the probable yield was not questioned. Considered as a whole the evidence adduced supplied the necessary elements for consideration and was more than ample to sustain the jury's determination in this case.

Turning now to the final contention of the defendant to the effect that the instructions were insufficient in failing to instruct upon decisive features of the case, to wit, damages to the crop sustained as a result of the flood or subsequent climatic conditions. Considering the instructions as a whole the decisive issues raised by the pleading and the evidence were fairly and completely presented. Petty v. Frank, 194 Okl. 382, 151 P.2d 926. The defendant submitted no requested instructions. It made no request for a more specific instruction as to any issue. The instructions amply meet the test. Sanders v. C. P. Carter Const. Co., 206 Okl. 484, 244 P.2d 822. We therefore are of the opinion,

and hold that there is no merit in this contention.

The judgment is affirmed.

WELCH, C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.